W. T. RALEIGH CO. *v.* ARMSTRONG *et al.*

(Division B. March 28, 1932.)

[140 So. 527. No. 29820.]

**W. C. Sweat,** of Corinth.

**Griffith, J.,** delivered the opinion of the court.

No brief has been filed by appellees in this case, nor was there any oral argument. Appellant has filed a brief which in all respects complies with the rules, and which, upon the statement of the facts and the application of the principles of law to the facts, is fairly convincing, in the absence of any reply thereto, that there is error in the judgment. We have examined the record, and, although the presumption is that the judgment is correct, it is not apparent to us from the record, in the light of appellant's brief, that the judgment is in fact correct. In this situation, the judgment must be reversed without prejudice.

There seems to be no uniform rule of procedure in the various appellate courts of the several states as to what shall be done when the appellee makes no oral argument and files no brief. Some of them hold that such default on appellee's part will be taken as a confession of the errors assigned and of the statement of facts, and citations of law, in appellant's brief and argument, and the judgment will thereupon be reversed as a matter of course. Other courts have said that they will to an extent disregard the default of the appellee and will determine the case on the merits; but even those courts have generally said that they will not devote any extended or laborious efforts to search out from the record the facts or the theories upon which an affirmance may be based, and have called attention to the liability to error, and to the danger of bringing forward and in acting upon points or theories that were not presented or passed upon in the trial court. And sometimes the obvious point has been made that an appellee has no right to call upon the court to brief his case for him, for this would be to call upon the court to act first as attorneys for appellee, and, when that function has been performed, then as judges to decide the case.

We shall, in this court, at our discretion, on default of appellee, take one or the other of the following two courses: (1) When the record is complicated or of large volume, and the case has been thoroughly briefed by appellant with a clear statement of the facts, and with apt and applicable citation of authorities, so that the brief makes out an apparent case of error, we will not regard ourselves as obliged to look to the record or to search through it to find something by which to avoid the force of appellant's presentation, but will accept appellant's brief as confessed and will reverse. Or (2) when the record is in such condition that we can conveniently examine it, and when upon such an examination we can readily perceive a sound and unmistakable basis or ground upon which the judgment may be safely affirmed, we will take that course and affirm, thereby to that extent disregarding the default of appellee. But when, taking into view the argument presented by appellant, the basis or grounds of the judgment, and the facts in support of it are not apparent, or are not such that the court could with entire confidence and safety proceed to affirmance, the judgment will be reversed without prejudice. This case has fallen within the statement contained in the foregoing sentence, and the result is that the judgment must be reversed without prejudice and the case remanded.

Reversed and remanded.