W. T. RAWLEIGH Co. v. ARMSTRONG et al.

(Division B. Nov. 5, 1934.)

[157 So. 355. No. 31401.]

W. C. Sweat, of Corinth, for appellant.

J. S. Finch, of Booneville, for appellees.

Briefs of counsel not found.

Ethridge, P. J., delivered the opinion of the court.

This case was here at a former term and was reversed and remanded for the reason that the appellee failed to file a brief, and it appeared from the appellant's brief and the face of the record that the judgment rendered was error. See 165 Miss. 380, 140 So. 527. On a remand of the case to the court below, the case was submitted to a special judge, by agreement, upon the record contained in the former appeal.

It appeared that A. L. Armstrong secured a contract to sell the products of the appellant, on which contract his father George W. Armstrong, D. W. Richardson, and J. W. Wroten were sureties. A. L. Armstrong became in default in his settlements and became indebted to the appellant in the sum of something over four hundred dollars, and an agent of the appellant took up with A. L. Armstrong the payment of said account. They had a conference, at which one Parnell and another were present, to see if they could not reach some settlement,

but while said agent was present no agreement was reached; however, after the agent left, and returned to Jackson, Tennessee, A. L. Armstrong mailed to him a check, given him by Parnell to be applied on the indebtedness, in the sum of two hundred dollars, and agreed to get up the balance of the money and to continue his purchases of appellant's products. This check was payable to the W. T. Rawleigh Company and was indorsed by A. L. Armstrong, who stated that he did not know whether the check of Parnell was good or not and requested that it be presented promptly, which the appellant did, and the check was dishonored because Parnell had no account in the bank on which it was drawn. Thereupon, A. L. Armstrong wrote to the appellant to send a draft with this check attached to a named bank and he and his father would arrange to take care of it. The appellant accordingly sent the check to the bank as requested, with instructions to deliver it to Parnell on payment of the amount due, something over four hundred dollars. A. L. Armstrong and his father seem not to have been able to pay the full amount demanded, but requested the bank to turn the check over to them so that A. L. Armstrong could proceed against Parnell, to whom he had apparently sold some property in consideration of the check. The bank refused to do so, not having been authorized, and a request was made of the appellant to return the check to A. L. Armstrong, which was refused, the appellant stating that A. L. Armstrong was indorser, and if they returned the check to him they would have no evidence of his indorsement. It appears that D. W. Richardson and J. W. Wroten, sureties on the contract, made a settlement with the appellant, by which they were released, which reduced the claim from something over four hundred dollars to seventy-one dollars and forty-six cents. A. L. Armstrong and G. W. Armstrong failing to pay this balance, suit was brought in a justice of the peace court upon the

original contract and sworn account. A. L. Armstrong attempted to offset this by a demand for two hundred dollars, evidenced by the check, and judgment over against the appellant for one hundred twenty-eight dollars and fifty-one cents, the difference between the amount sued for and the two hundred dollar check, contending that by failing to return the check on request the appellant had accepted same in legal effect as its own, and that by doing so, he (A. L. Armstrong) had lost whatever rights he had against Parnell, who, in the meantime, had moved out of the state.

As stated, the case was tried without a jury by agreement, and a judgment was rendered against the appellant, and the judgment also denied recovery over to defendant on the offset, from which this appeal was prosecuted.

We are of the opinion that the appellee A. L. Armstrong was not entitled to offset said check, because it had been indorsed by him without reservation, and he was under obligation to pay it on demand as an indorser, and he failed to do so. The indorsement was before the delivery of the check, and the check was accepted on condition that it would be paid on presentation.

We see nothing in the appellant's conduct and dealing with the check that would make it an acceptor of the check as cash. A. L. Armstrong is in no position to have the check counted as a cash payment, because he was an indorser without reservation thereon and was in default of its payment. The appellant had a right to hold the check until the account was paid. The appellee A. L. Armstrong could have procured the check by paying the amount thereof, but he failed to do so.

It follows that the judgment of the court below must be reversed and judgment rendered here for the amount sued for, with interest and costs.

Reversed, and judgment here for appellant.