ROBERTSON, Presiding Justice,
for the Court:
The petition for rehearing is sustained, the affirmance without opinion rendered on May 2, 1979, is withdrawn and set aside, and the following opinion rendered:
On October 12, 1976, Hattie Ramsey, an aged and infirm black woman, filed a bill of complaint to set aside a warranty deed, in the Chancery Court of the First Judicial District of Harrison County.
This deed, dated November 26, 1973, conveyed 42% acres, on which was located her old home, to her nephew, Jacob Ramsey, Jr. He filed an answer to the bill of complaint, which answer contained some affirmative matter. Appellant then filed an answer to the affirmative matter and an amended bill of complaint wherein she averred that there was a confidential relationship between her and her nephew, and that she was the victim of undue influence and overreaching on the part of her nephew when she executed the warranty deed to him, reserving only a life estate in her.
After a full trial, the chancellor dismissed her bills of complaint. From this adverse decision, she appeals.
Appellant promptly filed her assignment of errors, brief and abstract of the record. The appellee’s brief was due on December 11, 1978, but no brief was filed by him, so on February 2, 1979, appellant filed a motion to take appeal as confessed or in the alternative to set for oral argument. The case was set for oral argument and was argued by appellant’s counsel on April 17, 1979. The decree of the lower court dismissing the original and amended bills of complaint was affirmed, without opinion by this Court, on May 2, 1979. On May 11, 1979, a petition for rehearing, together with brief in support thereof, was filed by the appellant in this Court.
On July 10, 1979, a letter was addressed by this Court to Milton Fairchild, appellee’s counsel, at his regular address in Gulfport, Mississippi, requesting a reply to the petition for rehearing. That letter was returned, marked “Not Deliverable as Ad *DCCII dressed Unable to Forward”. Whereupon, this Court addressed a letter to appellee himself, at his usual address in Gulfport, Mississippi, which letter, dated July 12, 1979, contained this language:
“It is imperative that you or your attorney respond to the petition for rehearing. Failure to do so could result in a decision detrimental to your interest.”
There was no answer to this letter, either by appellee or his attorney.
In W. T. Raleigh Co. v. Armstrong, 165 Miss. 380, 140 So. 527 (1933), this Court’s policy in cases such as this one was stated:
“We shall, in this court, at our discretion, on default of appellee, take one or the other of the following two courses: (1) When the record is complicated or of large volume, and the case has been thoroughly briefed by appellant with a clear statement of the facts, and with apt and applicable citation of authorities, so that the brief makes out an apparent case of error, we will not regard ourselves as obliged to look to the record or to search through it to find something by which to avoid the force of appellant’s presentation, but will accept appellant’s brief as confessed and will reverse. Or (2) when the record is in such condition that we can conveniently examine it, and when upon such an examination we can readily perceive a sound and unmistakable basis or ground upon which the judgment may be safely affirmed, we will take that course and affirm, thereby to that extent disregarding the default of appellee. But when, taking into view the argument presented by appellant, the basis or grounds of the judgment, and the facts in support of it are not apparent, or are not such that the court could with entire confidence and safety proceed to affirmance, the judgment will be reversed without prejudice.” 165 Miss, at 382, 140 So. at 527-28. (Emphasis added).
The case at bar fits squarely within course (1) outlined above. The brief of the appellant sets forth that an aged, infirm and ill aunt conveyed by warranty deed her home and 42V2 acres of land to her nephew, reserving in herself only a life estate. This conveyance of her home and sole remaining asset was wholly without consideration. The record reflects that her nephew, Jacob Ramsey, Jr., had looked after his aunt for several years, attending to all of her wants, including the cashing of her social security checks, buying groceries, chopping wood, paying bills and otherwise providing her with the necessities of life. She trusted her nephew and had complete confidence in him.
On November 26, 1973, the day the deed was executed, the appellee took appellant to a lawyer of his choosing who prepared the warranty deed conveying to appellee appellant’s home and land (her only remaining asset). Appellant testified that she was sick at the time and did not know what she was doing. The record reflects that she either suffered a stroke shortly before executing the warranty deed or a short time thereafter. Neither the lawyer who prepared the deed nor the notary public who took appellant’s acknowledgment testified on the trial of this matter.
The brief of the appellant makes out an apparent case of a confidential relationship between the appellant, an aged person, and the appellee, her nephew. The record reflects no independent advice to appellant by a competent, disinterested person devoted wholly to her interests and concerned only that she know exactly what she was doing when she signed a deed conveying away her home and land.
It is clear to us, after a careful review of the whole record, that the appellee did not meet his burden of proof of showing independent advice to her from a wholly disinterested person, nor did he show that his aunt voluntarily and knowingly executed the deed to him.
Inasmuch as there was a full trial of this matter and each party was afforded every opportunity to present any and all evidence that each cared to present, it would serve no useful purpose to remand this case for further hearing.
This Court, therefore, renders the decision that should have been rendered in the *DCCIII lower court, which is, that the warranty deed from Hattie M. Ramsey to Jacob Ramsey, Jr. dated November 26, 1973, and of record in book 719 at pages 11 and 12 of the Land Deed Records on file in the Harrison County Chancery Clerk’s Office in Gulfport, Mississippi, is hereby cancelled and held for naught.
This case was considered by a conference of the judges en banc.
REVERSED AND RENDERED.
PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.