GRIFFIS, J., for the Court.
¶ 1. Calvin E. Armstrong was disqualified from receiving unemployment benefits by the Mississippi Employment Security Commission on the ground that he was terminated from his employment for misconduct. The circuit court affirmed the denial of benefits. We find that the circuit court erred. We reverse and render on the denial of benefits. We remand this case to the Mississippi Employment Security Commission solely for the purpose of determining the amount of unemployment benefits to be paid Armstrong.
FACTS
¶2. Armstrong was employed with the City of Greenville as a recreation supervisor. The City claimed that he was discharged for dereliction of work duties. As part of his responsibilities, Armstrong was to maintain and keep clean a recreational softball park facility.
¶ 3. The City received complaints from citizens that the softball fields and restrooms were not clean. The park director investigated the complaints and confirmed that the park facilities were not clean. On May 9, 2001, the park director gave Armstrong instructions that he needed to clean the recreational park facility immediately.
¶ 4. On May 14, 2001, the Greenville Park’s Commission Board met to discuss Armstrong’s work performance. The board placed Armstrong on a six-month probation. At the end of the six months the board would evaluate his performance and decide if he should be terminated. Two days later, the park director observed that the conditions of the recreational park facility still had not improved.
¶ 5. As a result, the park director recommended Armstrong be pre-terminated immediately, instead of waiting the six months. This meant that Armstrong was *991 given forty-eight hours to refute any and all charges brought against him prior to actual termination. Armstrong provided the City a notice stating he planned to refute the claims brought against him. However, he was unable to attend the scheduled meeting because his son was ill. Armstrong was terminated on May 21.
¶ 6. Thereafter, Armstrong filed a claim for benefits with the Mississippi Employment Security Commission in June. The claims examiner disqualified Armstrong for benefits on the ground that he was discharged for misconduct connected with his work. Armstrong appealed, and a hearing was held with the appeals referee. At the hearing, Armstrong denied the allegations and claimed he started cleaning the recreational park facility as instructed. The City’s park director, Sandra Yeager, testified that Armstrong was given many opportunities to correct the situation. Yet, Yeager claimed that Armstrong still failed to properly clean the park. Yeager considered Armstrong’s failure to follow directives given by his supervisor as insubordination, which was ground for termination. The appeals referee, the board of review, and the circuit court agreed that Armstrong’s actions constituted misconduct and denied benefits. Armstrong has perfected his appeal.
STANDARD OF REVIEW
¶ 7. “In any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.” Miss.Code Ann. § 71-5-531 (Rev. 2002). In Allen v. Mississippi Employment Security Commission, 639 So.2d 904, 906 (Miss.1994), the Mississippi Supreme Court held that:
This Court’s standard of review of an administrative agency’s findings and decisions is well established. An agency’s conclusions must remain undisturbed unless the agency’s order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one’s constitutional rights. A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise. Lastly, this Court must not reweigh the facts of the case or insert its judgment for that of the agency.
¶ 8. Under this standard of review, we give substantial deference to an administrative agency’s decision. Our search in a typical employment security commission case is whether the agency’s decision was supported by substantial evidence or was arbitrary or capricious. Here, unfortunately, the agency appellee failed to provide this Court with a brief setting forth its argument and authorities.
¶ 9. In W.T. Raleigh Co. v. Armstrong, 165 Miss. 380, 380, 140 So. 527, 527-28 (1932), the Mississippi Supreme Court recognized that there is no uniform rule of procedure to guide the reviewing court when an appellee fails to file a brief. The court discussed the two schools of thought on the appropriate procedure. First, the appellee’s failure could be considered a default and as a confession of the errors assigned by the appellant, requiring automatic reversal. Id. Second, the reviewing court could disregard the appellee’s failure to file a brief, but would not be obligated to undertake an exhaustive search to substantiate the appellee’s positions. Id. The court concluded that “taking into view the argument presented by appellant, the basis or grounds of the judgment, and the facts in support of it are not apparent, or *992 are not such that the court could with entire confidence and safety proceed to affirmance, the judgment will be reversed without prejudice.” Id. at 527-28.
¶ 10. It this appeal, we are not in a position to proceed with entire confidence to affirm this case. We are convinced that Armstrong’s argument is adequately supported by the record. Accordingly, the appellee’s negligence in its failure to present this Court with a brief outlining its position warrants a more deferential emphasis on Armstrong’s argument. Selman v. Selman, 722 So.2d 547, 551 (Miss.1998); Dethlefs v. Beau Maison Dev. Corp., 458 So.2d 714, 717 (Miss.1984); N.E. and R.H. v. L.H., Jr., L. H. and L.T., 761 So.2d 956, 962 (¶ 14) (Miss.Ct.App.2000). As such, we proceed with a discussion of the merits of this case and examine this appeal according to this standard of review.
ANALYSIS

I. Whethér the circuit court erred in not reversing the board of review because its decision was unsupported by substantial evidence.

¶ 11. Armstrong argues that the Commission’s findings were not based on substantial evidence that he engaged in misconduct and was disqualified for benefits under Mississippi Code Annotated Section 71-5-513A (l)(b).
“Misconduct” has been defined as:
The term “misconduct,” as used in the unemployment compensation statute, was conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered “misconduct” within the meaning of the statute.
Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982). We must consider whether Armstrong’s conduct rose to the level of misconduct, as defined above.
¶ 12. In Joseph v. Mississippi Employment Security Commission, 111 So.2d 410, 411 (¶ 1) (Miss.2000), Joseph was fired from her job as a bank teller due to a shortage of $2,000 in her cash drawer. The Commission denied unemployment benefits to Joseph concluding she was terminated for misconduct. Id. at 411 (¶ 2). Joseph had been over or under on her drawer balances by one hundred dollars or less on four or five other occasions. Id. at 412 (¶ 8). Her employer’s position was that Joseph was not fired because of repetitive mistakes, but only for the $2,000 shortage. Id.
¶ 13. Joseph was neither accused of stealing the missing money nor investigated for criminal wrongdoing. Id. at 412 (¶ 9). Her employer considered the incident to be an honest mistake. Id. Joseph was not fired for dishonesty, but rather for negligent actions consistent with an alleged bank policy. Id. The policy required automatic termination of a teller following any occurrence of a teller’s balance being off by more than $1,000. Id. The bank policy did not state that this error would be considered misconduct. Id. In reversing the Commission’s decision, the supreme court found that Joseph committed *993 a good faith error that did not rise to the level of misconduct within the meaning of the statute. Id. at 414 (¶ 13).
¶ 14. Next, in Allen v. Mississippi Employment Security Commission, 639 So.2d 904 (Miss.1994), Allen was terminated from his job at Vesuvius USA Corporation for poor job performance. Id. at 905. The Commission found that Allen was terminated for misconduct and denied benefits. The circuit court affirmed the Commission’s decision. Id. The record indicated that Allen operated a machine that ground the surface of a particular part that Vesuvius manufactured. Id. Allen received one verbal reprimand and one written reprimand for grinding parts undersize. Id. at 906. The later mistake cost the company $4,000, and Allen was demoted to a lower level job. Id. Allen was again reprimanded in writing for sending parts to the wrong station when he finished with them. Id. Finally, Allen was verbally reprimanded and terminated for placing parts improperly on a rack, causing them to be scratched. Id.
¶ 15. The supreme court found that Allen’s actions could not, as a matter of law, constitute misconduct because the record lacked evidence of wrongful intent or evil design. Id. at 907. Further, the court determined that the record failed to indicate that Allen’s negligence would evidence a wanton disregard of his employer’s interests in the mind of a reasonable person. Id. At worst, the court found that Allen’s acts of grinding parts undersize were isolated instances of ordinary negligence. Id. The court held that:
failure in good performance as the result of inability or incapacity, or inadverten-cies and ordinary negligence in isolated incidents ... [are] not considered ‘misconduct’ within the meaning of the statute, Allen should not be denied unemployment benefits. Arriola, 408 So.2d at 1383. The determination by the Commission that Allen’s actions were misconduct, so as to deny him benefits, is not supported by substantial evidence, and, thus, is erroneous.
Id. at 908.
¶ 16. Applying Joseph and Allen to this case, we find that Armstrong’s actions may not be classified as misconduct under the statute. Armstrong explains in his brief that he was given the latitude to make his own work schedule. According to Armstrong, he cleaned the park grounds and the bathrooms when he arrived at the job site. Armstrong’s position is that his supervisor visited the park late in the day after many people had used the facilities. There is nothing in the record to dispute his position.
¶ 17. Indeed, as the recreation supervisor, Armstrong had the duty to keep the park clean all day. However, just as the claimants in Joseph and Allen, we find Armstrong’s acts were mistakes or isolated instances of ordinary negligence. The record lacked sufficient evidence to support the conclusion that Armstrong’s actions constituted “carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability” or was a showing of a “substantial disregard of the employer’s interest or of the employee’s duties and obligations to [his] employer.” Wheeler, 408 So.2d at 1383.
¶ 18. Moreover, considering the Commission’s failure to file a brief, we are unable to conclude that the Commission met its burden of showing by “substantial, clear and convincing evidence that [Armstrong’s] conduct warranted disqualification from benefits.” Miss. Emp. Sec. Comm’n. v. Jones, 755 So.2d 1259(¶ 8) (Miss.Ct.App.2000). We will not speculate as to what arguments the Commission would attempt to make if, in fact, it had *994 submitted its argument and authorities to this Court.
¶ 19. Accordingly, we find that Armstrong is eligible to receive unemployment benefits. Therefore the circuit court’s judgment is reversed and rendered. We remand this case to the Commission for a determination of benefits payable to Armstrong.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY IS REVERSED AND RENDERED AND REMANDED TO THE COMMISSION ONLY FOR THE PURPOSE OF DETERMINING THE AMOUNT OF COMPENSATION TO BE AWARDED THE APPELLANT.
McMILLIN, C. J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, MYERS AND CHANDLER, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. LEE, J., DISSENTS WITH SEPARATE WRITTEN OPINION.