867 So.2d 1050 (2004)
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION and Sam's Town Hotel and Gambling Casino, Appellants
v.
Larry D. DANNER, Appellee.
No. 2003-CC-00810-COA.
Court of Appeals of Mississippi.
March 16, 2004.
Albert B. White, Madison, attorney for appellant.
Larry Danner (Pro Se).
Before McMILLIN, C.J., BRIDGES and GRIFFIS, JJ.
GRIFFIS, J., for the court.
¶ 1. Larry Danner was terminated from his job as a coin room attendant at Sam's Town Hotel and Gambling Casino. Danner filed a claim with the Mississippi Employment Security Commission. The claims examiner granted his claim for unemployment benefits. On appeal, the referee reversed and denied benefits. The Board of Review affirmed. Danner then appealed to the Circuit Court of Coahoma County, where the Commission's decision was reversed and Danner's benefits were reinstated. We find that the record contained substantial evidence to support the Commission's findings. Accordingly, we reverse.

*1051 FACTS
¶ 2. From May 15, 2001, until March 5, 2002, Larry Danner was employed as a coin room attendant for Sam's Town Hotel and Gambling Casino. On March 1, 2002, Danner called his employer and stated that he was ill and could not report to work. He was told to call if he would not return on March 2nd. Danner did not report to work or call in on March 2nd, 3rd, 4th, or 5th.
¶ 3. On March 5, 2002, Danner was discharged pursuant to Sam's Town's no-call, no-show policy. This policy provided that an employee will be discharged after one instance of failing to report to work or call in. Here, Sam's Town gave Danner several extra days before termination. The policy did not require that Sam's Town give Danner the extra days. Danner eventually reported back to work, when he was advised he had been terminated on March 5th for violating the no-call, no-show policy. Karen Davidson, Sam's Town's human resource specialist, testified that if Danner had returned to work with a doctor's excuse he probably would not have been terminated, but Danner had no such excuse.
¶ 4. After his termination, Danner filed a claim for unemployment benefits with the Commission. The claims examiner's investigation concluded that Sam's Town failed to prove misconduct. Sam's Town appealed, and a telephonic hearing was noticed. The notice instructed Danner to return the telephone response form to advise the Commission of his telephone number so he could participate. Danner failed to do so. As a result, Danner did not participate in the telephonic hearing conducted on July 16, 2002. Based on the testimony and evidence submitted at the hearing, the referee determined that Danner had been terminated for misconduct. On appeal, the Board of Review adopted the referee's opinion denying benefits.
¶ 5. Danner appealed to the Circuit Court of Coahoma County. Without the submission of briefs or oral argument, the circuit court reversed the Board of Review and found that there was insufficient evidence to support the Commission's decision. The Commission now appeals and asserts that the circuit court exceeded its authority.

STANDARD OF REVIEW
¶ 6. "In any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." Miss.Code Ann. § 71-5-531 (Rev. 2002). The Mississippi Supreme Court explained this standard of review in Allen v. Mississippi Employment Security Commission, 639 So.2d 904, 906 (Miss.1994):
This Court's standard of review of an administrative agency's findings and decisions is well established. An agency's conclusions must remain undisturbed unless the agency's order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one's constitutional rights. A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise. Lastly, this Court must not reweigh the facts of the case or insert its judgment for that of the agency.
¶ 7. As an appellate court, we give substantial deference to an administrative agency's decision. Typically, our review is on whether the agency's decision was supported by substantial evidence or was arbitrary or capricious. Here, unfortunately, *1052 Danner failed to provide this Court with a brief setting forth his argument and authorities. In W.T. Raleigh Co. v. Armstrong, 165 Miss. 380, 380, 140 So. 527, 527-28 (1932), the Mississippi Supreme Court recognized that there is no uniform rule or procedure to guide the reviewing court when an appellee fails to file a brief. The court discussed the two schools of thought on the appropriate procedure. First, the appellee's failure could be considered a default and as a confession of the errors assigned by the appellant, requiring automatic reversal. Id. Second, the reviewing court could disregard the appellee's failure to file a brief, but would not be obligated to undertake an exhaustive search to substantiate the appellee's positions. Id. The court concluded:
when the record is in such condition that we can conveniently examine it, and when upon such an examination we can readily perceive a sound and unmistakable basis or ground upon which the judgment may be safely affirmed, we will take that course and affirm, thereby to that extent disregarding the default of appellee. But when, taking into view the argument presented by appellant, the basis or grounds of the judgment, and the facts in support of it are not apparent, or are not such that the court could with entire confidence and safety proceed to affirmance, the judgment will be reversed without prejudice.
Id. at 527-28.
Here, the record is such that we can conveniently examine it. With this in mind, we proceed with a discussion of the merits of the case and examine this appeal according to the applicable standard of review.

ANALYSIS
¶ 8. The Commission asserts that the circuit court abused its discretion by reversing the Board of Review's decision, which found that Sam's Town proved Danner had committed disqualifying misconduct by violating its attendance policy. Mississippi Code Annotated Section 71-5-513(A)(1)(b) (Rev.2003) provides that:
An individual shall be disqualified for benefits:
(b) For the week, or fraction thereof, which immediately follows the day on which he was discharged for misconduct connected with his work, if so found by the commission, and for each week thereafter until he has earned remuneration for personal services performed for an employer, as in this chapter defined, equal to not less than eight (8) times his weekly benefit amount, as determined in each case.
¶ 9. In Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982), the Mississippi Supreme Court defined the meaning of misconduct:
The term "misconduct," as used in the unemployment compensation statute, was conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered "misconduct" within the meaning of the statute.
*1053 ¶ 10. The question we must now consider is whether Danner's actions rose to the level of misconduct defined in the statute. We find that there was substantial evidence to support the Commission's finding of misconduct.
¶ 11. In Barnett v. Mississippi Employment Security Commission, 583 So.2d 193, 194 (Miss.1991), the employee was fired for excessive absenteeism and being warned about failing to show up for work without calling. In finding misconduct, the supreme court noted that although a tree fell on the employee's house, the employee nevertheless could have called the employer. Id. at 196. The court contrasted these facts with other cases where the employee's failure to show up or call was outside the employee's control. Id.
¶ 12. Here, Danner was terminated for no-call, no-show policy violation after failing to call Sam's Town or report to work for four consecutive days. Sam's Town's policy provided that one no-call, no-show was grounds for termination. Danner's four consecutive absences were sufficient to establish a willful and wanton disregard of the employer's attendance policy, particularly when the policy allowed for termination after one such absence.
¶ 13. Just as in Barnett, Danner's failure to call his employer was not outside his control. He called in sick on March 1st and was told by his supervisor to call again if he would not return to work the next day. Danner never called again. Danner presented no evidence to mitigate this finding or to imply that Sam's Town had consented to his absence without requiring that he adhere to the attendance policy.
¶ 14. Here, the Commission found that Danner failed to take the appropriate steps while absent to protect his employment. The circuit court correctly found that Danner failed to comply with his employer's no-call, no-show policy; however, the court erred in finding that there was not substantial evidence to disqualify him for misconduct. Danner's four consecutive no-call, no-show absences were sufficient to establish a willful and wanton disregard of the employer's attendance policy. Accordingly, we find that there was substantial evidence to support the Commission's decision that Danner is not eligible to receive unemployment benefits. Therefore, the judgment of the circuit court is reversed and the Commission's decision is reinstated.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY IS REVERSED.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND CHANDLER, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.