GRIFFIS, J.,
for the Court.
¶ 1. Yolanda Noil was terminated from her job as a shift manager for Hardee’s. Noil filed a claim for unemployment benefits with the Mississippi Employment Security Commission. The claims examiner granted her claim for benefits. On appeal, the referee affirmed. Thereafter, the Commission’s Board of Review reversed the referee’s decision. Noil then appealed to the Circuit Court of Lowndes County, where the Commission’s decision was reversed, and Noil’s benefits were reinstated. Finding the circuit court employed an improper standard of review and that the Commission’s determination that Noil’s actions constituted disqualifying misconduct was supported by credible evidence, we reverse and render.
FACTS
¶ 2. From November of 2000 until January 2, 2003, Noil was employed as a shift manager at the Hardee’s restaurant in Columbus. In November of 2002, a new general manager, Holly Skinner, took over the management at Hardee’s. At that time, Skinner realized that a company policy requiring all shift managers to work at least one closing shift per week was not being enforced. Skinner then notified all managers that the policy would be enforced. All managers except Noil agreed to work at least one closing shift per week.
¶ 3. Thereafter, Noil was scheduled to work the closing shift on December 15 and December 20. On December 15, Noil left before closing. On December 20, Noil called in sick, but also refused to work any closing shifts. Noil informed her boss that she had never been required to work closing shifts in the past, and that she would not do so in the future. Based on her actions, George Jones, Hardee’s district manager, suspended Noil for one week. On January 2, 2003, Noil met with Jones and continued to refuse to work any closing shifts. As a result, Noil’s employment was terminated.
¶ 4. After her termination, Noil filed her claim for unemployment benefits. The claims examiner interviewed Noil and Skinner. Noil told the claims examiner that she refused to work closing shifts because she had never been required to do so before the new manager took over. Skinner stated that the company policy required every shift manager to work at *1091 least one closing shift per week, and that when she took over as manager of the Columbus store, she simply began enforcing the policy.
¶ 5. Based on this information, the claims examiner considered the issue to be whether Noil had refused suitable employment thereby making her ineligible for benefits. The claims examiner found that the employer failed to establish Noil had refused suitable work and granted Noil benefits.
¶ 6. The employer appealed and a hearing was held before an appeals referee in which Noil, Skinner, and Jones testified. The referee concluded that Noil should be awarded benefits because the employer failed to offer testimony establishing that its policy was strictly and fairly enforced.
¶ 7. The employer then appealed to the Commission’s Board of Review. The Board concluded that Noil’s actions in refusing to follow company policy constituted misconduct, and reversed the referee’s award of benefits.
¶ 8. Noil then appealed to the Circuit Court of Lowndes County. The circuit court reversed the Commission and reinstated Noil’s benefits. The Commission now appeals asserting as error: (1) whether the circuit court ignored the provisions of Miss.Code Ann. § 71-5-523 (Rev.2000), and acted arbitrarily and capriciously, by reversing the Board of Review’s decision simply because it differed from the decisions of the claims examiner and the appeal’s referee; (2) whether the circuit court erred by finding the Board of Review’s decision was not supported by substantial evidence and the applicable law in that it conflicts with the decisions of the claims examiner and the appeals referee; (3) whether the board of review decision was supported by substantial evidence, finding that Noil committed disqualifying misconduct by repeatedly refusing to comply with the employer’s policy; and (4) whether the circuit court abused its discretion by substituting its opinion for that of the Board of Review.
STANDARD OF REVIEW
¶ 9. “In any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.” Miss.Code Ann. § 71-5-531 (Rev. 2000). The Mississippi Supreme Court explained this standard of review in Allen v. Mississippi Employment Security Commission, 639 So.2d 904, 906 (Miss.1994), where it held:
This Court’s standard of review of an administrative agency’s findings and decisions is well established. An agency’s conclusions must remain undisturbed unless the agency’s order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one’s constitutional rights, (citations omitted). A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise, (citations omitted). Lastly, this Court must not reweigh the facts of the case or insert its judgment for that of the agency.
¶ 10. As an appellate court, we give substantial deference to an administrative agency’s decision; here, deference is given to the Board of Review’s decisión. Typically, our review is based on whether the agency’s decision was supported by substantial evidence or was arbitrary or capricious.
¶ 11. Unfortunately, Noil failed to provide this Court with a brief setting forth *1092 her argument and authorities. In W.T. Raleigh Co. v. Armstrong, 165 Miss. 380, 380, 140 So. 527, 527-28 (1932), the Mississippi Supreme Court recognized that there is no uniform rule or procedure to guide the reviewing court when an appellee fails to file a brief. The court discussed the two schools of thought on the appropriate procedure. First, the appellee’s failure could be considered a default and as a confession of the errors assigned by the appellant, requiring automatic reversal. Id. Second, the reviewing court could disregard the appellee’s failure to file a brief, but would not be obligated to undertake an exhaustive search to substantiate the ap-pellee’s positions. Id. The court concluded:
when the record is in such condition that we can conveniently examine it, and when upon such an examination we can readily perceive a sound and unmistakable basis or ground upon which the judgment may be safely affirmed, we will take that course and affirm, thereby to that extent disregarding the default of appellee. But when, taking into view the argument presented by appellant, the basis or grounds of the judgment, and the facts in support of it are not apparent, or are not such that the court could with entire confidence and safety proceed to affirmance, the judgment will be reversed without prejudice.
Id. at 528.
¶ 12. The record in this appeal is such that we can conveniently examine it. With this in mind, we proceed with a discussion of the merits of the case and examine this appeal according to the applicable standard of review.
ANALYSIS
¶ 13. The Commission asserts that the circuit court abused its discretion and acted arbitrarily and capriciously by reversing the Board of Review’s decision, which found that Hardee’s proved Noil had committed disqualifying misconduct by violating its policy requiring all shift managers to work at least one closing shift per week.
¶ 14. The circuit court’s order concluded:
And the Court having read the record in detail and being fully advised, is of the opinion that the decision of the Board of Review of the Mississippi Employment Security Commission rendered and entered on the 29th day of April, 2003, is arbitrary, capricious and not supported by substantial evidence and the applicable law in that it conflicts with the decisions of the claims examiner and the appeal’s referee.
(emphasis added.) The circuit court used an improper standard of review. The fact that the Commission’s decision conflicted with the decisions of the claims examiner and the appeal’s referee does not, in and of itself, make the Commission’s decision “arbitrary, capricious and not supported by substantial evidence and the applicable law.” Furthermore, neither the circuit court nor this Court can reweigh the facts of the case or insert its judgment for that of the Commission. Allen, 639 So.2d at 906.
¶ 15. Regardless of the standard of review used by the circuit court, on appeal, this Court still has an obligation to determine whether the Commission’s decision was supported by credible evidence. The Commission found that Noil was disqualified from receiving benefits because her actions in refusing to comply with the company policy constituted misconduct. Mississippi Code Annotated Section 71-5-513(A)(1)(b) (Rev.2003) provides:
An individual shall be disqualified for benefits:
(b) For the week, or fraction thereof, which immediately follows the day on *1093 which he was discharged for misconduct connected with his work, if so found by the commission, and for each week thereafter until he has earned remuneration for personal services performed for an employer, as in this chapter defined, equal to not less than eight (8) times his weekly benefit amount, as determined in each case.
¶ 16. In Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982), the Mississippi Supreme Court defined the meaning of misconduct:
[t]he term “misconduct,” as used in the unemployment compensation statute, was conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered “misconduct” within the meaning of the statute.
¶ 17. The question we must now consider is whether Noil’s actions rose to the level of misconduct defined in the statute. Noil repeatedly refused to follow the employer’s policy which required her to work at least one closing shift per week. On December 15, Noil was scheduled to close, but left work early. On December 20, Noil was again scheduled to close and called in sick. At that time Noil informed her boss that she would not work any closing shifts, whether she was sick or not, even if she was scheduled to do so. Noil was suspended for one week, and at the end of that time met with the district manager.
¶ 18. During the meeting that resulted in her suspension, Noil once again expressed her unwillingness to work any closing shifts. It was at that point that she was terminated. Noil argued that she was not previously required to work a closing shift so she should not be required to do so in the future. The fact that previous managers had not enforced this pre-existing policy does not mean that the policy may not be enforced in the future. Indeed, upon assuming her managerial role, Skinner announced that the policy would be enforced in the future. Noil refused to comply, which resulted in her termination.
¶ 19. The Commission’s decision that Noil’s conduct evinced a willful and wanton disregard of the employer’s interest that amounted to disqualifying misconduct was supported by credible evidence. Noil’s repeated refusal to comply with company policy constituted a deliberate violation or disregard of the standards of behavior which her employer had the right to expect from its employee. Therefore, the judgment of the circuit court is reversed and the Commission’s decision is reinstated.
¶ 20. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT IS REVERSED AND THE COMMISSION’S DECISION IS REINSTATED.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.