BRIDGES, P.J.,
for the Court.
¶ 1. A youth court petition was filed against J.D.W., a minor, on October 15, 2002, in the Youth Court of Lawrence County, Mississippi. A hearing was held before the youth court referee and J.D.W. was adjudicated delinquent and sent to Columbia Training School to remain until he is twenty. He was thirteen at the time. The motion for reconsideration was denied and this appeal was taken.
¶ 2. On appeal, the following issues were raised
ISSUE ONE: YOUTH COURT ERRED IN NOT FOLLOWING THE MISS. RULES OF CIVIL PROCEDURE IN HEARING MOTIONS THAT WERE FILED ON JANUARY 2003.
ISSUE TWO: YOUTH COURT ERRED IN NOT FOLLOWING MISS. YOUTH COURT STATUTES IN NOT CONDUCTING DISPOSITION HEARING.
ISSUE THREE: YOUTH COURT ERRED IN FINDING [J.D.W.] GUILTY WHEN NO EVIDENCE OR TESTIMONY WAS PRESENTED TO FORM A REASONABLE DOUBT. ISSUE FOUR: YOUTH COURT
ERRED' IN ALLOWING [J.D.W.] TO BE TAKEN INTO CUSTODY BY BEING SHACKLED IN THE PRESENCE OF A 25-30 MEMBER AUDIENCE DURING THE COURT PROCEEDINGS.
¶ 3. The appellee, the Youth Court of Laurence County, did not file an appellee’s brief, but rather filed “Appellee’s Motion to Dismiss and Appellee’s Response to Brief for Appellant.” In the motion, the appellee contends that the hearing was held before the youth court referee, not a youth court judge, and that pursuant to Mississippi Code Annotated § 43-21-111(5) a rehearing by the judge shall be allowed if any party files a written motion for rehearing within three days after notice of the referee’s order.
¶ 4. The referee’s “fill in the blank” order of commitment was signed and filed on May 21, 2003, and the motion for reconsideration was filed on May 22, 2003. In the motion J.D.W., through his court-appointed attorney, set forth specific objections to the order of commitment, including all the issues raised on appeal, and specific facts were stated in support of these issues. On June 19, 2003, an order was entered and signed by “YOUTH COURT JUDGE.” The signature is illegible so it is impossible for this Court to determine exactly who signed this order. What is clear, however, is that the record before this Court clearly contradicts the position taken by the youth court.
¶ 5. Particularly troubling is the lack of any transcript of any hearing in this case, although the designation of record clearly asked that it be included. All we have before the Court are the documents filed with the chancery clerk and such facts as we have taken from the motions filed by the appellant and from the appellant’s brief.
FACTS
¶ 6. J.D.W. was accused of making a threatening phone call “by calling a school employee a bitch, making reference to a bomb threat which happened the day before and demanding money all in violation of Sec. 97-29-45 of the MS Code.” The complaint was filed on October 15, 2002.
¶ 7. Several motions were filed on January 7, 2003: motion to suppress evidence; motion to dismiss: probable cause; motion to suppress illegal search of vehicle; motion to suppress illegally obtained tangible evidence; motion to suppress illegally obtained statements; and motion to *931 dismiss indictment. The last motion alleged a denial of due process and insufficient evidence. The record also contains subpoenas for witnesses and for telephone records. The telephone records are included in the record on appeal. There are also numerous motions for continuance.
¶ 8. The order of commitment signed by the referee was a form order which recited no facts, and the order denying the motion to reconsider also gives no indication of any factual basis for the court’s decision. In the motion for reconsideration the following was stated:
Motions were filed on January, 2003. The court refused to hear motions. In March 2003, a hearing was held against [J.D.W.], The deputy sheriff testified that he had no direct evidence that [J.D.W.] committed the act. D.R. was called, testified that he did not know who made the calls. The testimony of J.W. and [J.D.W.] revealed that they did not make the calls nor they see anyone else who made the calls.
After the hearing the youth judge continued the case. [J.D.W.j’s attorney moved for dismissal, which the judge denied. The prosecutor and police office approached D.R. insisting that he change his testimony or they would prosecute him. He refused to change his testimony, therefore, he appeared for a hearing. D.R. testified and the youth court judge immediately adjudicated him guilty and sentenced [J.D.W.] and D.R. to training school.
The youth court judge did not allow a disposition hearing. The youth court judge required that the child be shackled in the presence of everyone present. There were over 25-30 people present in the audience observing the child being shackled.
¶ 9. The facts alleged in this motion and revived in the appellant’s brief have not been disputed or challenged by anything before the Court.
DISCUSSION
• ¶ 10. This Court in Cooley v. Merrell, 788 So.2d 840, 841-42 (¶4) (Miss.Ct.App. 2001) stated:
We must address the question of what to do when the opposing side does not properly and timely file a brief. When “it is not apparent to us from the record, in the light of the appellant’s brief, that the judgment is in fact correct,” we have several options regarding what course of action to pursue. W.T. Raleigh Co. v. Armstrong, 165 Miss. 380, 140 So. 527 (1932). Raleigh further states that appellate courts have the discretion, on default of the appellee, to either (1) reverse based on both a complicated or voluminous record and a well-written brief, thoroughly stating the facts and correct citations and applications of law, “so that the brief makes out an apparent case of error.” Id. at 527. This Court is not required to scour the record in order to find a plausible argument for the appellee, “but will accept appellant’s brief as confessed and will reverse.” Id. Or the court may (2) affirm if the record easily avails itself to examination, and upon examination we readily detect a convincing and valid basis or ground upon which we may safely affirm, thus disregarding the default of appellee. Id. at 528.
However, the case will be reversed and remanded when this Court is presented with only one side of the argument to review, an insufficient record and a judgment that has not clear support from the record.
¶ 11. The clear conclusion is that this Court must reverse this case. The issues raised by the appellant have not been addressed and there is definitely an insuffi *932 cient record. Neither the referee’s order nor the order of the youth court provides us with any support for the adjudication of the appellant as a delinquent. We cannot say with any certainty that the appellant was provided due process or that there is any evidence to support the charges against him. The case is reversed and remanded to the Lawrence County Youth Court with directions that, if the court determines that the charges against the appellant should be revived, that a full hearing before the youth court judge should be held and that this hearing should be of record.
¶ 12. THE JUDGMENT OF THE YOUTH COURT OF LAWRENCE COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. THE COSTS OF APPEAL ARE ASSESSED TO LAWRENCE COUNTY.
KING, C.J., MYERS, AND CHANDLER, JJ., CONCUR. IRVING, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY LEE, P.J. AND GRIFFIS, J. BARNES, J., NOT PARTICIPATING.