LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. On April 20, 2004, James Tuttle was terminated from his position as a correctional vocational education instructor with the Mississippi Department of Corrections (MDOC). Upon being terminated from his position as daytime vocational instructor, he was barred from entering the penitentiary grounds except to go to his residence. As a consequence of being terminated from his day job, Tuttle also lost his night job teaching diesel mechanics because he was barred from the area where the class was taught. Tuttle appealed his termination from the day job to the Mississippi Employee Appeals Board (Board). Following a hearing on December 7, 2004, Tuttle was reinstated to his previous position, “with all back pay and benefits,” subject to set off of any sums received from other sources. MDOC reinstated Tuttle and paid him back the wages lost from his day job as vocational instructor. MDOC refused, however, to pay his back wages from the night job.
¶ 2. On May 24, 2005, Tuttle filed a motion with the Board to enforce the order requiring payment of a portion of back pay plus interest. MDOC responded by arguing that it was not required to pay Tuttle back pay for wages at the night school because he was not technically employed by MDOC but rather by Mississippi Delta Community College (College) because Tuttle was paid by and received a W-2 from the College. However, Tuttle asserts that MDOC reimbursed the College for his salary. A hearing on the motion was held before the Board. The Board found that Tuttle was not entitled to back pay for the night job because a third party paid his wages.
¶ 3. Tuttle appealed the decision of the Board to the Circuit Court of Sunflower County. The circuit court reversed the Board finding that, since MDOC reimbursed the College for the night school job, Tuttle was an MDOC employee and MDOC was required to reimburse him for wages lost from the night job.
*947 ¶ 4. MDOC now appeals the decision of the circuit court asserting the following argument: the circuit court erred in reversing the decision of the Board and ordering MDOC to pay Tuttle back pay for third-party employment.
¶ 5. Finding no error, we affirm the decision of the circuit court.
STANDARD OF REVIEW
¶ 6. An agency’s conclusions must remain undisturbed on appeal unless the agency’s order (1) is not supported by substantial evidence, (2) is arbitrary or capricious, (3) is beyond the scope or power granted to the agency, or (4) violates one’s constitutional rights. Miss.Code Ann. § 25-9-132 (Rev.2006); Miss. Empl. Sec. Comm’n v. Danner, 867 So.2d 1050, 1051(¶ 6) (Miss.Ct.App.2004). A rebutta-ble presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise. Danner, 867 So.2d at 1051(¶ 6). Lastly, this Court must not reweigh the facts of the case or insert its judgment for that of the agency. Id.
DISCUSSION
¶ 7. MDOC argues that sufficient evidence existed to support the hearing officer’s finding that Tuttle was not entitled to receive back pay for his part-time night job since his night school wages were paid by a third party.
¶ 8. Although Tuttle’s check was issued by the College, it is undisputed that MDOC provided the funding for the night job. The College and MDOC had an agreement whereby MDOC would send time sheets for the night school instructors to the College and the College would issue their paychecks. The payroll clerk at the College testified that MDOC reimbursed them for all night school instructors’ salaries, insurance, retirement, unemployment compensation, plus a five percent administrative fee. The clerk also testified that Tuttle was not an employee of the College. MDOC argues that, although it reimbursed the College for the salaries, it was not the ultimate source of the funds — that the funds for the reimbursement came from the department of education and the inmate welfare fund. However, a letter sent to the College in March 1999 from MDOC referred to “our staff that teaches in the evening programs.” Another letter sent by MDOC later the same month stated that “our twelve evening program instructors” will be placed on the College’s payroll and the expenses will be reimbursed by MDOC. Based on these facts, we find that Tuttle was an employee of MDOC. We cannot find that substantial evidence existed for the Board to find that Tuttle was not subject to reimbursement from MDOC.
¶ 9. MDOC next argues that awarding Tuttle back pay from the College would amount to damages which the Board has no statutory authority to grant. Having found that Tuttle was employed by MDOC, we find that the Board did have power to order back pay since the source of funds came from MDOC.
¶ 10. MDOC’s final argument is, in the alternative, that it was in the hearing officer’s discretion to deny Tuttle back pay from the night job. Although discretionary, the Board clearly stated that “all” of Tuttle’s back pay would be restored. Since Tuttle lost his night job as a consequence of losing his day job and MDOC was his employer for both, we find that Tuttle was entitled to back pay from the night job as well.
¶ 11. We find that Tuttle is entitled to have all his employee rights and benefits restored, including back pay with interest, *948 medical leave, and personal leave from the loss of his night job.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY.