CHANDLER, J.,
for the Court.
¶ 1. The Circuit Court of Tunica County denied the appeal of Patricia Austin and, thereby, affirmed the decision of the Board of Review of the Mississippi Department of Employment Security (MDES).[1] The Board’s decision adopted the findings of the administrative appeals officer and affirmed the decision to deny benefits to Austin. Aggrieved, Austin appeals and argues (1) that she proved by substantial evidence that Fitzgerald Casino did not dismiss her for misconduct and (2) that MDES improperly relied on hearsay testimony in its findings.
FACTS
¶ 2. Austin began working for Fitzgerald Casino in Tunica, Mississippi in 2004. She worked as a security officer for the casino for almost two years when she was terminated for misconduct on June 13, 2006.
¶ 3. Following her termination, Austin filed a claim with MDES. The claims examiner denied Austin’s claim, and Austin appealed that decision. The administrative appeals officer then heard testimony from Austin and Melinda Drisdale, a representative of Fitzgerald.
¶ 4. Drisdale told the appeals officer that Austin was terminated because she left her post twice in one day to use the restroom without radioing for another security officer or supervisor to watch her post while she was gone. Austin’s conduct was recorded by the security cameras. She said that another security officer, Jim Ennis, also noticed that Austin’s post was unmanned. Drisdale described Austin’s post as a type of podium at the location where the Fitzgerald Hotel joined the casino. According to Drisdale, Fitzgerald’s policy and gaming regulations required a security officer to be on watch at all times to prevent minors from entering the casino. If a security officer needed to leave her post, the policy required that she radio another officer or a supervisor to watch her post while she is gone. New security officers were trained on this policy as part of the initial employment orientation with Fitzgerald.
¶ 5. This was not the first time Austin had left her post unattended. Fitzgerald previously reprimanded Austin for similar behavior on November 11, 2005. Austin was found to have left her post three times in one day in order to go to the gift shop. Drisdale said Austin initially denied the allegations, but security camera footage showed Austin leaving her post and entering the gift shop. Austin’s denial, which the security camera footage refuted, caused Fitzgerald to reprimand Austin again, this time for dishonesty.
¶ 6. Austin did not deny that she left her post, but she claimed that she was on medication that required her to make frequent trips to the restroom. She said she would run to the restroom quickly and get back to her post because if she had waited to radio someone “she would have been mess up [herself].” She admitted that she was aware of the policy of radioing for a replacement, but she said she did not try to call for help that day. Not only could she not have waited to use the restroom, but sometimes they would get radios that did not work very well. Austin claimed that she had a bad radio on the day in question.
*971 ¶ 7. In regard to the 2005 incident, Austin admitted she left her post to go to the gift shop. However, she argued that, although she was in the gift shop, she could see her post at all times. Austin denied that she was reprimanded for dishonesty following the 2005 incidents.
¶ 8. The appeals officer found that Austin was discharged for two instances of leaving her post without radioing for someone to replace her while she was gone. Austin knew of the company policy from her training and from her previous reprimand for similarly leaving her post three times without radioing for backup. Therefore, the appeals officer found that Austin’s actions constituted misconduct, and she was properly denied benefits.
¶ 9. Thereafter, Austin appealed the decision to the Board of Review. The Board affirmed the decision, and Austin filed an appeal with the Circuit Court of Tunica County. The circuit court found that the findings of fact were supported by substantial evidence and that the applicable law was correctly applied. Accordingly, the circuit court affirmed the Board’s decision to deny Austin benefits. Austin appealed the circuit court’s decision, and it is that appeal that is now before this Court.
STANDARD OF REVIEW
¶ 10. So long as the factual findings of the Board are supported by substantial evidence and not based on fraud, this Court will take them as conclusive, and we must limit our review to questions of law. Miss.Code Ann. § 71-5-531 (Supp.2007). Our standard of review is as follows:
This Court’s standard of review of an administrative agency’s findings and decisions is well established. An agency’s conclusions must remain undisturbed unless the agency’s order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one’s constitutional rights. A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise. Lastly, this Court must not reweigh the facts of the case or insert its judgment for that of the agency.
Miss. Employment Sec. Comm’n v. Danner, 867 So.2d 1050, 1051(¶ 6) (Miss.Ct.App.2004) (quoting Allen v. Miss. Employment Sec. Comm’n, 639 So.2d 904, 906 (Miss.1994)).
ISSUES AND ANALYSIS
I. Whether there was substantial evidence to support the denial of employment benefits to Austin.
¶ 11. Austin’s first issue, quoted verbatim, reads as follows:
Whether the Board of Review Decision should be vacated finding the employee, Patricia Austin, proved by substantial evidence that she did not commit misconduct connected with her work, that is conduct evincing such willful and wanton disregard of standards of behavior which employer has the right to expect from his employee, or carelessness and negligence in such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design.
¶ 12. The employer bears the burden of proving misconduct by the employee. Miss.Code Ann. § 71-5-513(A)(1)(c) (Supp.2007). The employer must prove by “substantial, clear, and convincing evidence” that an employee is disqualified from receiving benefits. Pannell v. Tombigbee River Valley Water Mgmt. Dist., 909 So.2d 1115, 1120(¶ 12) (Miss.2005) (quoting City of Clarksdale v. Miss. Employment Sec. Comm’n, 699 So.2d 578, 580(¶ 15) (Miss.1997)). In its analysis of *972 the term “misconduct,” the supreme court adopted the Wisconsin supreme court’s definition of the term. As it relates to the unemployment compensation statute, misconduct is:
[C]ondhct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, came within the term.
Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982) (citing Boynton Cab Co. v. Neubeck, 237 Wis. 249, 296 N.W. 636, 640 (1941)).
¶ 13. In the present case, there were facts to support the denial of benefits to Austin. Drisdale, as representative of Fitzgerald, informed the appeals officer that Austin left her post unattended twice in one day. This was a violation of Fitzgerald’s company policy, which required a security officer to be at the post at all times. Admittedly, Austin was only absent for short periods of time, but her absences allowed for the possibility that minors could walk from the hotel into the casino.
¶ 14. Austin did not deny the allegations. She admitted she left her post and did not attempt to radio for someone to cover for her while she went to the restroom. Austin also admitted that she was aware of the casino’s policy that required her to radio another security officer if she needed to leave her post. When she was hired, Austin was instructed on this policy in her initial training and in a reprimand she received the prior year for leaving her post unattended three times in one day.
¶ 15. In making their findings, the claims examiner and the appeals officer took into account Austin’s prior infraction for leaving her post. This was proper because repeated neglect of an employer’s interest may constitute misconduct. Miss. Employment Sec. Comm’n v. Jones, 755 So.2d 1259, 1262(1110) (Miss.Ct.App.2000) (citing Miss. Employment Sec. Comm’n v. Borden, Inc., 451 So.2d 222, 225 (Miss.1984)).
¶ 16. We cannot say, from the facts presented, that the circuit court erred in affirming the decision of the Board. Austin repeatedly acted in disregard of company policy. She was warned once, yet she decided to leave her post unattended again, an act that could have allowed an unattended minor to enter the casino in her absence. There was substantial evidence to support the Board’s decision. There was no suggestion, nor do we find: (1) that the decision to deny Austin benefits was arbitrary or capricious, (2) that it was beyond the scope or power of the MDES, or (3) that Austin’s constitutional rights were violated. This issue is without merit.
II. Whether Austin was improperly denied benefits based on hearsay testimony.
¶ 17. Austin’s second issue, which is stated verbatim below, pertains to the evidence on which the appeals officer relied:
Whether there is substantial evidence to support the agency finding that Fitzgerald Casino met its burden of proof by presenting hearsay evidence that Austin committed disqualifying misconduct, and whether the circuit judge erred by not addressing Austin’s claim of hearsay evidence by Fitzgerald Casino’s failure to *973 present affidavits of persons accusing Austin of misconduct.
¶ 18. Drisdale testified as to Fitzgerald’s company policy and as to why Austin was reprimanded and later dismissed. Austin refers to Drisdale’s testimony as “uncorroborated hearsay,” while disregarding the fact that Austin actually corroborated the majority of that testimony.
¶ 19. Austin admitted all the facts that were grounds for the denial of her benefits. Austin said she left her post unattended twice on the date in question, and she did not radio for backup to watch her post while she was gone. She admitted that she was aware of the policy requiring a security officer to call someone if she needed to leave her post, and she did not attempt to call anyone. She also confirmed that she previously left her post three times in one day to go into the gift shop, for which she was reprimanded.
¶20. Rule 801(d)(2) of the Mississippi Rules of Evidence provides, in pertinent part, that a statement is not hearsay if “[t]he statement is offered against a party and is (A) his own statement, in either his individual or representative capacity....”
¶ 21. Austin’s own statements were not hearsay, and they were sufficient substantial evidence in support of the circuit court’s decision to affirm the denial of her employment benefits. This issue is without merit.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY IS AFFIRMED.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. The Mississippi Employment Security Commission is now known as the Mississippi Department of Employment Security, Office of the Governor. Miss.Code Ann. § 71-5-11(F) (Supp.2007).