BRIDGES, P.J.,
for the Court.
¶ 1. Audrela Pope Hanna died on November 16, 1999. Prior to her death, Ms. Hanna executed a will and a codicil to that will. The will and codicil were admitted to probate in the Monroe County Chancery Court. Certain heirs challenged Ms. Hanna’s testamentary capacity at the time she executed her codicil. Following a hearing on the matter, the chancellor determined that Ms. Hanna fully understood the terms of her codicil. Additionally, the chancellor determined that Ms. Hanna had the necessary testamentary capacity to enact the codicil to her will. As a result, the chancellor dismissed the heirs’ challenge of Ms. Hanna’s codicil. Aggrieved, the heirs appeal. Finding error, we reverse and remand.
*105 FACTS AND PROCEDURAL HISTORY
¶2. Ms. Hanna executed her last will and testament on October 24, 1989. In her will, Ms. Hanna named her sister, Frances Pope Ballard, as the executrix of her estate. Over ten years later, Ms. Hanna executed a codicil to her will. In her codicil, Ms. Hanna left all of the property in her estate to Ms. Ballard. If Ms. Ballard predeceased Ms. Hanna, Ms. Hanna wanted her property to go to Jane Ballard Bingham, Frances Ballard’s daughter.
¶ 3. Ms. Ballard predeceased Ms. Hanna. Pursuant to Ms. Hanna’s codicil, Jane Bingham stood to receive the property in Ms. Hanna’s estate. Ms. Hanna’s will and codicil were submitted before the Monroe County Chancery Court for probate. However, Thomas Houston Ballard, William Clay Ballard, Jr., Wayne Pope, Martha West and Jon Paul Ballard filed a petition to revoke probate of Ms. Hanna’s codicil. As mentioned above, the chancellor eventually dismissed that challenge to Ms. Hanna’s codicil. The petitioners appeal and claim the chancellor erred in: (1) finding Ms. Hanna had testamentary capacity to execute the codicil, (2) failing to find that Frances Ballard had a confidential relationship with Ms. Hanna, and (3) finding that the codicil was valid. Additionally, the petitioners claim that the chancellor abused his discretion by resolving the matter prior to the close of evidence.
¶ 4. Jane Ballard Bingham has not filed a response brief. However, Donald R. Bingham, Jr. provided this Court with correspondence. Mr. Bingham reports that Jane Ballard Bingham passed away. Further, Mr. Bingham, the executor of Jane Ballard Bingham’s estate, offered to settle the petitioners’ appeal and will contest by relinquishing any claim Jane’s estate has against Ms. Hanna’s estate. According to Mr. Bingham, the only asset in Ms. Hanna’s estate is real property in Monroe County, Mississippi. Despite Mr. Bing-ham’s offer of settlement, the petitioners denied to accept Mr. Bingham’s offer.
ANALYSIS
¶ 5. Since Mr. Bingham did not file a brief in this case, this Court has two alternatives before it, as discussed in W.T. Raleigh v. Armstrong, 165 Miss. 380, 380, 140 So. 527, 527-28 (1932).
When the record is complicated or of large volume, and the case has been thoroughly briefed by appellant with a clear statement of the facts, and with applicable citations of authorities, so that the brief makes out an apparent case of error, we will not regard ourselves as obliged to look to the record or to search through it to find something by which to avoid the force of appellant’s presentation, but will accept appellant’s brief as confessed and will reverse. Or when the record is in such condition that we can conveniently examine it, and when upon such an examination we can readily perceive a sound and unmistakable basis or ground upon which the judgment may be safely affirmed, we will take that course and affirm, thereby to that extent disregarding the default of appellee. But when, taking into view the argument presented by appellant, the basis or grounds of the judgment, and the facts in support of it are not apparent, or are not such that the court could with entire confidence and safety proceed to affirmance, the judgment will be reversed without prejudice.
¶ 6. Here, the record is in a condition that allows for convenient examination. However, Mr. Bingham, as the executor of Jane’s estate, expressed his willingness to relinquish any claim Jane may have had to what he believes to be the only asset in Ms. Hanna’s estate. As Mr. Bingham de- *106 dined to contest this appeal and expressed his intent to part with the only asset in Ms. Hanna’s estate, he seems to waive any claim to Ms. Hanna’s estate. Accordingly, this Court reverses the chancellor’s decision without prejudice and renders judgment for the appellants.
¶ 7. We note that the appellants only challenged the probate of Ms. Hanna’s codicil — leaving Ms. Hanna’s will unchallenged. Ms. Hanna’s will stated “I hereby devise and bequeath unto my sister, Frances Pope Ballard, of Aberdeen, Mississippi, all of my property real, personal and mixed and wheresoever situated.” No other heir is mentioned in Ms. Hanna’s will. “Lapsed personalty and realty go into the residuary clause of the will, if there is one, and if not, to the decedent’s heirs at law.” Matter of Estate of Mason, 616 So.2d 322, 329 (Miss.1993). Accordingly, we remand to the Monroe County Chancery Court to distribute Ms. Hanna’s estate pursuant to the Mississippi laws of intestate succession.
¶ 8. THE JUDGMENT OF THE MONROE COUNTY CHANCERY COURT IS REVERSED. THE MATTER IS REMANDED TO THE MONROE COUNTY CHANCERY COURT PURSUANT TO THE TERMS OF THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., concur.