937 So.2d 974 (2006)
Terry Richard PHELPS, Appellant
v.
Tammy Diane PHELPS, Appellee.
No. 2005-CA-01281-COA.
Court of Appeals of Mississippi.
September 12, 2006.
*975 Mark B. Strickland, Gulfport, attorney for appellant.
John Vernon Woodfield, Long Beach, attorney for appellee.
Before LEE, P.J., CHANDLER and ROBERTS, JJ.
ROBERTS, J., for the Court.
¶ 1. Tammy Diane Phelps and Terry Richard Phelps agreed to a divorce on the ground of irreconcilable differences, which was approved by the Chancery Court of Harrison County. Having no children of the marriage, the sole issues before the court were of alimony and division of property. In its judgment awarding a divorce based upon irreconcilable differences entered on November 15, 2004, the trial court ordered Terry to pay $2,500 in property division, lump sum alimony in the amount of $6,500, periodic alimony of $1,000 per month, and to supply Tammy with health insurance for one year. In addition, Tammy was granted an interest in Terry's pension while Terry was awarded *976 the parties' 1991 Chevrolet S-10 truck. Terry now appeals. Finding no error, we affirm.

FACTS
¶ 2. Tammy and Terry were married on June 24, 1988. Subsequently, they separated on or about February, 17, 2004 and their plea for divorce on the ground of irreconcilable differences was heard on September 8, 2004, by the Chancery Court of Harrison County, First Judicial District, placing before the court the issues of alimony and property division. Testimony indicated that the parties had been living with Tammy's parents for the past several years and during that time spent $20,000 on renovations to the home. Further testimony revealed that Tammy suffered from several ailments, to include fibromyalgia, Raynaud's disease, Scleroderma, a chronic obstructive pulmonary disease, hypoglycemia, high cholesterol, osteopenia, endometriosis, and had a small growth on her left lung. Tammy continued that her annual cost for the various prescriptions she required was $6,350 a year. Additionally, Tammy testified that she needed extensive dental work at a total cost of $6,500. Finally, she testified to a myriad of other medical expenses, all of which were documented in her exhibits to the court. The chancellor found that Tammy's sole income came from her Social Security benefits, which, after a $66 deduction for her Medicare premium, amounted to $503 a month, and whatever part-time work she could find. After the parties separated, Tammy continued to live with her parents and split the household expenses.
¶ 3. Throughout the majority of the parties' marriage, Terry worked as a longshoreman with P & O Ports. He testified that at the time of trial he made approximately $26 per hour and worked, on average, 33.7 hours a week, though he testified that he could work 40 hours a week if he wanted to. In addition, Terry received a fluctuating amount from his employer representing a bonus at the end of each year. The chancellor noted that, assuming a 40  hour work week, Terry's gross and net monthly incomes would be $4,506.66 and $3,380, respectively. Finally, there was contradictory testimony that Terry told Tammy of a safe deposit box in which he kept $5,000.
¶ 4. In a judgment filed on November 15, 2004, the chancellor awarded the parties a divorce on the ground of irreconcilable differences and addressed equitable property division and alimony. The chancellor awarded as follows: property distribution to Tammy of $2,500 based on the testimony regarding the safe deposit box, Tammy awarded an equitable interest in Terry's retirement account, Tammy awarded lump sum alimony in the amount of $6,500, payable over 24 months, ordered Terry to provide Tammy medical insurance for one year, awarded Tammy periodic alimony in the amount of $1,000 per month, and, lastly, awarded Terry the 1991 Chevrolet S-10 pickup truck that the parties owned.
¶ 5. Subsequent to the November 2004 judgment, Terry filed his motions for relief from judgment; for reconsideration; to open judgment and take additional testimony; amend judgment; amend findings of fact; for new trial, and other relief on November 24, 2004, wherein Terry requested, generally, the judgment be altered based upon his claim that it was "onerous, burdensome, oppressive, unjust and inequitable." The chancellor filed his judgment on Terry's motions on May 31, 2005. In denying the majority of Terry's motions, the chancellor noted that Terry failed to provide any grounds that would warrant reconsideration. Notwithstanding Terry's lack of argument, the chancellor *977 did review the pertinent facts surrounding the divorce and granted Terry's motion to alter or amend the judgment, and awarded Terry a $10,000 lien on Tammy's parents' house based upon the $20,000 the parties spent renovating the home. As a result of the amended judgment, Tammy filed her motion to reconsider on June 15, 2005.
¶ 6. Not waiting on the formality of a judgment on an outstanding motion and obviously aggrieved by the lower court's initial judgment and denial of his several motions, Terry filed his notice of appeal on June 28, 2005, raising four issues. Specifically, Terry asserts that the chancellor erred in: (1) awarding Tammy $2,500, (2) awarding Tammy lump sum alimony of $6,500, (3) awarding Tammy medical insurance provided by Terry, and (4) awarding Tammy periodic alimony of $1,000 per month.
¶ 7. Subsequent to Terry's notice of appeal, Tammy filed her motion for contempt on October 17, 2005, asserting that Terry failed to abide by the chancellor's November 2004 judgment. In a judgment filed on December 2, 2005, for both Tammy's motion for contempt and motion for reconsideration, the chancellor cited Terry for contempt, as a result of his failure to completely abide by the chancellor's ruling and Terry's failure to either file a bond or request a stay of the original judgment, and found that he was in arrears in the amount of $16,900.35. Though technically granted, it appeared that Tammy's motion for reconsideration was denied as the chancellor applied the $10,000 at issue against the $16,900.35 for a final judgment for the arrearage in the amount of $6,900.35.

JURISDICTION
¶ 8. As the timing of Terry's appeal and Tammy's post-trial motions overlap, we must first determine if Terry's appeal is timely. The confusing set of procedural facts above are intended to show that Terry filed notice of his appeal while a motion on the judgment was outstanding. To make the procedural waters slightly more murky, Tammy filed an additional motion four months after Terry's notice of appeal. Finally, on December 2, 2005, the Chancery Court of Harrison County entered its judgment on Tammy's outstanding motions.
¶ 9. Rule 4(d) of the Mississippi Rules of Appellate Procedure states that a "notice of appeal filed after announcement or entry of the judgment but before disposition of any of the above [post-trial] motions is ineffective to appeal from the judgment or order . . . until the entry of the order disposing of the last such motion outstanding." M.R.A.P. 4(d). The comment to Rule 4(d) states further that "[a] notice filed before the filing of one of the specified motions or after the filing of a motion but before its disposition is, in effect, suspended until the motion's disposition, whereupon the previously filed notice effectively places jurisdiction in the Supreme Court." M.R.A.P. 4(d) cmt.
¶ 10. In accordance with Rule 4(d), Terry's timely notice of appeal was suspended pending disposition of Tammy's motions. Upon their disposition, Terry's notice was revived with an effective filing date of December 2, 2005. As such, his appeal is properly before this Court.

STANDARD OF REVIEW
¶ 11. This Court's review of an appeal taken from a chancery court is limited. Stevens v. Stevens, 924 So.2d 645(¶ 5) (Miss.Ct.App.2006) (citing Carrow v. Carrow, 642 So.2d 901, 904 (Miss.1994)). The findings of a chancellor will not be disturbed unless the chancellor was clearly erroneous, manifestly wrong, or applied an erroneous legal standard. Bell v. Parker, *978 563 So.2d 594, 596-97 (Miss.1990). "[I]t is not this Court's province to undermine the chancellor's authority by replacing the chancellor's judgment with our own." In re Estate of Carter, 912 So.2d 138(¶ 18) (Miss.2005) (citing Madden v. Rhodes, 626 So.2d 608, 616 (Miss.1993)).

ISSUES AND ANALYSIS
¶ 12. As Tammy failed to provide this Court with a brief, we would normally have two alternatives. See W.T. Raleigh v. Armstrong, 165 Miss. 380, 380, 140 So. 527, 527-28 (1932). Those two alternatives being:
When the record is complicated or of large volume, and the case has been thoroughly briefed by appellant with a clear statement of the facts, and with applicable citations of authorities, so that the brief makes out an apparent case of error, we will not regard ourselves as obliged to look to the record or to search through it to find something by which to avoid the force of appellant's presentation, but will accept appellant's brief as confessed and will reverse. Or when the record is in such condition that we can conveniently examine it, and when upon such an examination we can readily perceive a sound and unmistakable basis or ground upon which the judgment may be safely affirmed, we will take that course and affirm, thereby to that extent disregarding the default of appellee. But when, taking into view the argument presented by appellant, the basis or grounds of the judgment, and the facts in support of it are not apparent, or are not such that the court could with entire confidence and safety proceed to affirmance, the judgment will be reversed without prejudice.
In re Estate of Hanna, 919 So.2d 104(¶ 5) (Miss.Ct.App.2005) (other citations omitted). The case on appeal is not the norm. In addition to Tammy's failure to file a brief, Terry has failed to cite any authority for his points of argument, or anywhere in his brief, save for the standard of review we must employ. As to this, the appellant carries the duty to provide authority for any error claimed. Groves v. Slaton, 733 So.2d 349(¶ 15) (Miss.Ct.App.1999) (citing Drennan v. State, 695 So.2d 581, 585-86 (Miss.1997)). Any argument not supported by authority need not be considered. Grey v. Grey, 638 So.2d 488, 491 (Miss.1994). In accordance with this oft  stated principle, it is not necessary for this Court to consider any of Terry's issues on appeal.
¶ 13. Notwithstanding Terry's deficiency of authority, it is clear from a review of the record that the chancellor made extensive findings of fact based on substantial evidence in the record and applied those findings, in conjunction with the applicable law, to arrive at the judgment Terry now appeals. Therefore, we find that Terry's four issues on appeal are, despite their procedural bar, without merit.
¶ 14. THE JUDGMENT OF THE CHANCERY COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.