# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00196-COA

IN THE INTEREST OF PXS, A MINOR:                      APPELLANT
JOHN SMITH

v.

ADAMS COUNTY YOUTH COURT                         APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/04/2021 |
| TRIAL JUDGE: | HON. WALTER JEFFREY BROWN |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY YOUTH COURT |
| ATTORNEY FOR APPELLANT: | JOHN SMITH (PRO SE) |
| ATTORNEY FOR APPELLEE: | NO APPEARANCE |
| NATURE OF THE CASE: | CIVIL - JUVENILE JUSTICE |
| DISPOSITION: | APPEAL DISMISSED - 06/07/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WILSON, P.J., McDONALD AND SMITH, JJ.

### McDONALD, J., FOR THE COURT:

¶1. On January 21, 2021, PXS[1] was adjudicated as a child in need of supervision by the Adams County Youth Court after PXS pled guilty to the act of ungovernable behavior (i.e., incorrigible). Following a disposition hearing, PXS filed a pro se motion to set aside his guilty plea because of ineffective assistance of counsel. Before the youth court ruled on PXS's post-disposition motion, PXS appealed pro se. He argues that "1) his plea of guilty was involuntarily made as a result of counsel's mis-advice, deception, and improper

---

[1] We use initials and fictitious names in the style and body of the opinion in the place of real names to protect the identity of the minor. We also use "PXS" interchangeably when another person acts in PXS's interest.

inducement, causing . . . him to have ineffective assistance of counsel; 2) the prosecutor engaged in improper discussions with the defense counsel for the purpose of [PXS] agreeing to plead guilty in exchange for no consequences; and 3) the youth court abused its discretion by acting outside of the youth court guidelines." Because PXS filed his notice of appeal prior to the youth court's ruling on his post-disposition motion, we dismiss the appeal for lack of jurisdiction.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

¶2. The State filed a petition in youth court asserting that PXS was a delinquent child or a child in need of supervision within the purview of the Mississippi Youth Court Act. The petition alleged that in December 2020, PXS purposefully, knowingly, and unlawfully committed the act of ungovernable behavior (i.e., incorrigible). Specifically, the State alleged that PXS had used his mother's credit card without permission, refused to follow rules, used profanity, and had been fighting with his family members. In response, on the same day, PXS filed a pleading denying the alleged charge.

¶3. On January 7, 2021, a plea hearing was held in the youth court. PXS, accompanied by his attorney Katie Boone, denied the charge of ungovernable behavior, and the youth court set a hearing date for January 21, 2021. Attorney Boone was unable to appear at the January 21, 2021 hearing, and an attorney named Adam Perry represented PXS in Boone's absence. Perry and the prosecutor met before trial,[2] and PXS later informed the court that he wished to change his plea from a denial to an admission of guilt, thereby admitting to being

_____

[2] The record does not include any details about what the prosecutor and Perry discussed.

2

ungovernable and incorrigible. After questioning PXS concerning his plea, the court accepted PXS's plea and adjudicated him as a child in need of supervision for committing acts of "ungovernable/incorrigible behavior" in violation of Mississippi Code Annotated section 43-21-105(k) (Supp. 2019).[3]

¶4. On February 4, 2021, the youth court conducted a disposition hearing, and several witnesses testified including PXS, his mother and father, and Pamela Walker, a counselor for the Mississippi Department of Human Services' Division of Youth Services (DYS).

¶5. At the end of the disposition hearing, the youth court ruled from the bench. The court ordered PXS to serve one year of probation, required that he maintain "C" or higher grades, and ordered him to attend therapy. In addition, the court ordered that PXS remain in his mother's custody and that he was not allowed to go to his father's home until the father passed a drug test. The court's written disposition order was entered on February 4, 2021.

¶6. On February 8, 2021, PXS filed a pro se "Motion for Modification of Order and/or Appeal." In his motion, PXS requested that the youth court conduct an informal hearing to review the disposition order pursuant to Mississippi Code Annotated section 43-21-613

---

[3] Section 43-21-105(k) states:

"Child in need of supervision" means a child who has reached his seventh birthday and is in need of treatment or rehabilitation because the child:
    (i) Is habitually disobedient of reasonable and lawful commands of his parent, guardian or custodian and is ungovernable; or
    (ii) While being required to attend school, willfully and habitually violates the rules thereof or willfully and habitually absents himself therefrom; or
    (iii) Runs away from home without good cause; or
    (iv) Has committed a delinquent act or acts.

(Supp. 2019). PXS claimed that his plea of guilty was involuntary because of "counsel's misadvise, deception, and improper inducement, causing him to have ineffective assistance of counsel . . . ." Before the youth court ruled on the motion, on February 11, 2021, PXS filed a pro se notice of appeal. Consequently, his post-disposition motion is still pending before the youth court.

## DISCUSSION

¶7.    This Court has an independent duty to examine the issue of our own jurisdiction to hear a particular matter even if the issue is one that was not raised by either party. *See Williams v. Delta Reg'l Med. Ctr.*, 740 So. 2d 284, 285 (¶5) (Miss. 1999).

¶8.    Rule 37 of the Uniform Rules of Youth Court Practice states that "[a]ppeals from final orders or decrees of the court shall be pursuant to the Mississippi Rules of Appellate Procedures." U.R.Y.C.P. 37. But the Mississippi Rules of Appellate Procedure do not specifically address the effect of undisposed-of post-trial motions in appeals from youth court. However, the rules do address undisposed-of post-trial motions in civil and criminal cases in Mississippi Rules of Appellate Procedure 4(d)-(e).[4] Whether a case is civil or

---

[4] Rule 4(d)-(e) states:

(d) Post-trial Motions in Civil Cases. If any party files a timely motion of a type specified immediately below the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion under the Mississippi Rules of Civil Procedure (1) for judgment under Rule 50(b); (2) under Rule 52(b) to amend or make additional findings of facts, whether or not granting the motion would alter the judgment; (3) under Rule 59 to alter or amend the judgment; (4) under Rule 59 for a new trial; or (5) for relief under Rule 60 if the motion is filed no later than 10 days after the entry of judgment. A notice of appeal filed after announcement or entry of the judgment but before disposition of

4

criminal, a premature notice of appeal is deemed ineffective until the trial court rules on any pending post-judgment motion. *Phelps v. Phelps*, 937 So. 2d 974, 977 (¶9) (Miss. Ct. App. 2006).

¶9.     In addition, the comment to Rule 4 states:

> Rule 4(d) and 4(e) now provide that a notice of appeal filed before the disposition of a specified post-trial motion will become effective upon disposition of the motion. A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition is, in effect, suspended until the motion's disposition, whereupon the previously filed notice effectively places jurisdiction in the Supreme Court.

M.R.A.P. 4 cmt.

¶10.    There have been multiple civil cases addressing this issue. In *Darnell v. Darnell*, 199 So. 3d 695, 696 (¶2) (Miss. 2016), after a chancellor entered an amended final judgment, a

---

any of the above motions is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding. Notwithstanding the provisions of Appellate Rule 3(c), a valid notice of appeal is effective to appeal from an order disposing of any of the above motions.

(e) Post-trial Motions in Criminal Cases. If a defendant makes a timely motion (1) for judgment of acquittal notwithstanding the verdict of the jury, or (2) for a new trial under MRCrP 25.1, the time for appeal for all parties shall run from the entry of the order denying such motion. Notwithstanding anything in this rule to the contrary, in criminal cases the 30 day period shall run from the date of the denial of any motion contemplated by this subparagraph, or from the date of imposition of sentence, whichever occurs later. A notice of appeal filed after the court announces a decision, sentence, or order but before it disposes of any of the above motions, is ineffective until the date of the entry of the order disposing of the last such motion outstanding, or until the date of the entry of the judgment of conviction, whichever is later. Notwithstanding the provisions of Appellate Rule 3(c), a valid notice of appeal is effective to appeal from an order disposing of any of the above motions.

party filed a motion to alter or amend that judgment. *Id*. However, she also filed a notice of appeal. *Id*. Because her motion was still pending in chancery court, the Supreme Court dismissed her appeal for lack of jurisdiction. *Id*. at 697 (¶6).

¶11.    Similarly, in *Phelps*, the chancery court entered a judgment awarding the parties a divorce on the ground of irreconcilable differences and addressed equitable property division and alimony. *Phelps*, 937 So. 2d at 976 (¶4). Following the judgment, the husband filed several motions including a motion to alter or amend the judgment and a motion for a new trial. *Id*. at (¶5). The chancery court denied the majority of the motions but granted the husband's motion to alter or amend the judgment. *Id*. at 977 (¶5). As a result of the amended judgment, the wife filed a motion to reconsider. *Id*. Not waiting on a ruling on an outstanding motion, the husband filed his notice of appeal. *Id*. at (¶6). On appeal, we held that the husband's "timely notice of appeal was suspended pending disposition of [his wife's] motions." *Id*. at (¶10). Upon disposition of the motions, the husband's notice was revived, and his appeal then was properly before the Court. *Id*.

¶12.    Under the Uniform Rules of Youth Court Practice, there is no equivalent to a motion for a new trial in a civil case, *see* M.R.C.P. 59, or a motion for a new trial in a criminal case, *see* MRCrP 25.1.[5] However, either Mississippi Rules of Appellate Procedure 4(d) or 4(e) would apply because youth court proceedings are either civil or quasi-criminal. *See In re*

---

[5] Rule 28 of the Uniform Rules of Youth Court Practice states that a child can seek modification of a disposition order and that such procedures governing the modification of the order shall be conducted pursuant to Mississippi Code Annotated subsections 43-21-613(1) and (2). There is no language in the rule comparable to civil Rule 59 or criminal Rule 25.1 that would indicate applicability to the immediate reconsideration of a post-disposition order such as in this case.

*J.P.C. v. State*, 783 So. 2d 778, 780 (¶6) (Miss. Ct. App. 2000).

¶13.    In this case, in his post-disposition motion for modification, PXS argued that his plea of guilty was involuntary as a result of counsel's misadvice, deception, and improper inducements, which caused him to have ineffective assistance of counsel.  PXS also raises this issue on appeal.  However, because PXS prematurely filed his notice of appeal, the youth court has had no opportunity to rule on the motion or consider any evidence that PXS may have presented or added in the record.  Thus, the disposition order cannot be considered a "final order" ripe for appeal while the post-disposition motion is still pending in youth court. Accordingly, because it is premature, we dismiss PXS's appeal for lack of jurisdiction.

¶14.    **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.  WILSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**