JAMES PERRYMAN & WIFE *v.* S. C. GARDNER *et al.*

1. CHANCERY PRACTICE: DURING TERM, DECREES MAY BE SET ASIDE IN DISCRETION OF COURT: APPELLATE COURTS WILL NOT INTERFERE WITH EXERCISE OF THIS DISCRETION. — As a general rule, a court may change, recall, or set aside any order, judgment, or decree at any time during the term at which they are made; such matters are in the sound discretion of the court, with the exercise of which an appellate court will seldom, if ever, interfere.

2. SAME: APPEAL FROM INTERLOCUTORY DECREE. — A decree setting aside a final decree rendered at the same term, is not such an interlocutory decree from which an appeal can be taken under the provisions of art. 102, p. 555 of Rev. Code.

APPEAL from Chancery Court of Tishomingo county. Hon. W. D. Bradford, chancellor.

Appellants, with S. S. Shaw and other complainants, filed their bill to enforce vendor's lien against appellees. At the March Term, 1868, a final decree for the sale of the lands was made, after process returned properly executed, and proof of publication. During the term, a motion was made by all the complainants, except appellants, to set aside the final decree for the following reasons:

1. Because the bill was filed without their knowledge, authority, or consent.—

2. Because they are interested in the land sought to be sold, and should have been made parties defendant.

3. Because there is no notice to defendants.

The motion was supported by a sworn statement of facts, was sustained by the court, and the final decree set aside. From this order setting aside the final decree, appellants prayed for an appeal, which was granted.

*Jno. F. Arnold* for appellant.

*Reynolds, Boone, & Reynolds* for appellees.

PEYTON, J., delivered the opinion of the court.

On the 21st day of March, 1868, the Chancery Court of Tishomingo county rendered a decree in favor of James Perryman and wife, two of the complainants, against S. C. Gardner and T. R. Powell, defendants; and at the same term, upon motion of S. P. Shaw and other complainants in said cause, the court, after hearing argument of counsel on both sides, set aside the said decree.

From this order or decree, the appellants bring the case into this court by appeal, and insist that the court, in setting aside said decree, erred.

The order appealed from is not a final decree, nor is it such an interlocutory decree as is contemplated by the statute, Rev. Code, 555, art. 102. The cause now stands in the court below as if no decree had ever been rendered, and subject to such further proceedings therein as the parties may think proper to take.

The court has control of its own proceedings during the term at which they are had, and has, as a general rule, an undoubted right to change, recall, or set aside any order, judgment, or decree at any time during the term at which they are made. This is a matter resting in the sound discretion of the court, with the exercise of which this court seldom, if ever, interferes. The proceedings during the term are *in fieri*, and rest in the breast of the court, which may set them aside, or change them so as to make them conform to its own sense of truth and justice.

Where a court, in the exercise of its discretion, directs that an order, previously made by them, should be stricken out, it is the same as if such order never existed. *Williams* v. *Floyd*, 5 Iredell, 649. So in the case at bar, the decree being set aside, the cause remains to be proceeded with as if such decree never existed.

Where a motion is addressed to the discretion of the court, to regulate which there are no fixed rules, its decision cannot

be revised, and it is only to be guided by its own sense of justice. *Borden* v. *Houston*, 2 Texas, 594.

We think this court cannot entertain jurisdiction of this case, and the appeal will therefore be dismissed.