ON MOTION TO DISMISS APPEAL

BANKS, Presiding Justice, for the Court:
¶ 1. This case presents the issue of whether we are required by our rules to dismiss an appeal taken prematurely where the judgment below is now final due to a subsequent act of the trial court from which no new appeal was taken. Under the circumstances, dismissal of the appeal would result in final termination of the case without reaching the merits. We conclude that, in the absence of any prejudice to the appellees, we are not so required. *227 Accordingly, appellees’ motion to dismiss is denied.
I.
¶ 2. Corey Mallery and other survivors of Henry Shumpert filed a wrongful death action against Don Taylor and other state officials after Shumpert died while at Oakley Training School. The wrongful death action was eventually dismissed in the circuit court. The appellees filed a Motion to Dismiss the appeal, alleging that the first notice of appeal filed by Mallery was premature, as the circuit court had not entered a final order or judgment at that time, and that the second notice of appeal filed by Mallery was not filed within thirty days of the final judgment that was entered. Mallery argues that the first notice of appeal was timely filed because the orders that had been entered at that time were final judgments, and because a final judgment was first announced by the circuit judge from the bench, maMng the first notice of appeal timely under M.R.A.P. 4(b), which provides that:
A notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day of the entry.
II.
¶ 3. The concept of “retroactive validation” of an otherwise premature appeal is well known in the federal courts. It appears to be the law in several, perhaps the majority of, federal circuits, including the Fifth Circuit. See, e.g., Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1154-56 (3d Cir.1986); Sandidge v. Salen Offshore Drilling Co., 764 F.2d 252, 255 (5th Cir.1985) (acknowledging that the Fifth Circuit has consistently .held that there is an exception to the requirements of Rule 54(b) that allows the separate appeal of a non-final judgment where a subsequent judgment of the district court effectively terminates the litigation.); Baker v. Limber, 647 F.2d 912, 915-16 (9th Cir.1981). The Seventh Circuit has suggested that retroactive validation is the minority view, United States v. Hansen, 795 F.2d 35, 37-38 (7th Cir.1986), but in doing so it listed the Fifth Circuit as an adherent to the supposed majority, citing a per curiam opinion which predates Sandidge.
¶ 4. We find retroactive validation to be the majority view, but recognize that the expansive view of appellate jurisdiction, see Alcorn County v. U.S. Interstate Supplies, Inc., 731 F.2d 1160 (5th Cir.1984) (holding that except in the narrow circumstances covered by rule 4(a)(4), a premature appeal may be considered in those ease where a judgment becomes final prior to disposition of the appeal); Jetco Elect. Indus., Inc. v. Gardiner, 473 F.2d 1228 (5th Cir.1973), is under close scrutiny in the circuits.[1] While some of the circuits have revisited this issue following the United States Supreme Court’s decision in FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991), the Third Circuit has explicitly declined to abandon the retroactive validation theory. Lazy Oil Co. v. Witco Corp., 166 F.3d 581 (3d Cir.1999). The Fifth Circuit abrogated the rule expressed in Jeteo and Alcorn County in the context applicable to the facts of that case in United States v. Cooper, 135 F.3d 960 (5th Cir.1998). Cooper indicated that the expansive view of appellate jurisdiction does not survive FirsTier in the federal system.
*228 ¶ 5. Referencing Cooper, Professors Wright, Miller, and Cooper categorize this question as “cumulative finality” and suggest that the problems caused by Rule 4 threaten to undo the “cumulative finality doctrine” demonstrating the “need to rethink the dogma that Appellate Rule 4 establishes a limit on appeal jurisdiction that cannot be relaxed when all-too-common ignorance of the proper routine has led to steps that give all parties clear notice of the intent to appeal and has not caused prejudice to any party or to orderly disposition of the appeal.” 15A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3914.9, at 211 (2d ed.1992 & 2001). We are, of course, free to choose our own path with regard to our rules.
¶ 6. While the various cases may in many instances be distinguishable from our facts, the guiding principle accepted by these courts is that the rule that a premature notice of appeal is a “nullity” is confined to the context in which that rule is expressed in the pre-amendment version of F.R.A.P. 4. That is, prior to the amendment to F.R.A.P. 4, a notice of appeal filed prior to disposition of a Rule 59 motion had no effect.
¶7. Those courts which restrict the application of the “no effect” rule to appeals affected by a later disposition of a Rule 59 motion save appeals, which would otherwise be lost without good reason. We agree with the principle which leads those courts to that conclusion. It is a principle which finds further expression in the changes to both M.R.A.P. 4 and F.R.A.P. 4. We have changed our rule to provide that a filing prior to disposition of a Rule 59 motion is no longer a nullity. Instead, the appeal becomes effective when the Rule 59 motion is disposed of, and, under our rule, the single premature notice is also effective to bring forth issues raised and disposed of in the Rule 59 motion. The federal rule is the same except for the latter principle. It requires a supplemental notice to address issues which arise only in the context of the Rule 59 motion.
III.
¶ 8. We apply the concept to this case. Here the trial court entered judgment as to one defendant on June 1 and, as to the remaining defendants on June 17 as to all claims except that there remained for disposition a claim under the tort claims act. The trial court announced a judgment as to the disposition of the case save a single theory of recovery. A hearing was held with respect to that claim on July 12. The issue was taken under advisement, but the plaintiffs on July 16, apparently confused as to whether a decision was announced, filed a notice of appeal from the June 1 and June 17 orders and what they described as “the final judgment entered in this case on July 12 dismissing all defendants from ... the Tort Claim Action.” On July 29, summary judgment was entered dismissing the tort claims act claim. Plaintiffs did not file a timely notice of appeal from this order.
¶ 9. Nevertheless, as of July 29 a final order had been entered, and this case became ripe for appeal. We find appellees are not prejudiced by the premature notice filed thirteen days earlier, and it does no violence to orderly judicial process to apply the doctrine of retroactive validation here. Accordingly, the appellees’ motion to dismiss this appeal as untimely is denied.
¶10. MOTION OF DEFENDANTS-APPELLEES TO DISMISS THE APPEAL FOR LACK OF JURISDICTION IS DENIED.
*229 PITTMAN, C.J., McRAE, P.J., SMITH, MILLS, WALLER, DIAZ and EASLEY, JJ., CONCUR. COBB, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. See also Daniel A. Klein, When Will Premature Notice of Appeal Be Retroactively Validated in Federal Civil Case, 76 A.L.R. Fed. 199, 206-08 (1986).