# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CA-00764-SCT

*CARLA SPEIGHTS DARNELL (MAGEE)*

*v.*

*WILLIAM DUFF DARNELL*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/21/2015 |
| TRIAL JUDGE: | HON. DAVID SHOEMAKE |
| TRIAL COURT ATTORNEYS: | W. TERRELL STUBBS |
| | MARK A. CHINN |
| | S. CHRISTOPHER FARRIS |
| COURT FROM WHICH APPEALED: | JEFFERSON DAVIS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | MARK A. CHINN |
| | W. TERRELL STUBBS |
| ATTORNEY FOR APPELLEE: | S. CHRISTOPHER FARRIS |
| NATURE OF THE CASE: | CIVIL - CUSTODY |
| DISPOSITION: | APPEAL AND CROSS-APPEAL DISMISSED - 08/25/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WALLER, C.J., KING AND MAXWELL, JJ.

### MAXWELL, JUSTICE, FOR THE COURT:

¶1. Certain procedural requirements must be met for this Court to exercise appellate jurisdiction. Where a timely, undisposed Rule 59 motion remains pending in chancery court, there is no final appealable judgment within the jurisdiction of this Court. Because we are faced with such a motion, we dismiss.

### Procedural Background

¶2.     This matter is again before this Court. Previously, we reversed and remanded the final judgment with specific instructions. ***Darnell v. Darnell***, 167 So. 3d 195 (Miss. 2014). We required the chancellor to reconsider certain evidence and suggested he perform a new ***Albright*** analysis. ***Darnell***, 167 So. 3d at 210 (¶45); *see **Albright v. Albright***, 437 So. 2d 1003 (Miss. 1983). On remand, the chancellor entered an amended final judgment of divorce on April 23, 2015. Eight days later, Carla filed a motion to alter or amend this judgment, or for a new trial. Even though this motion was still pending, Carla filed her notice of appeal on May 19, 2015. And William filed a notice of cross-appeal three days later.

## Analysis

¶3.     Though the parties have briefed a variety of substantive issues, appellate jurisdiction is a threshold issue. "Whether raised by the parties or not, this Court is required to note its own lack of jurisdiction." ***Michael v. Michael***, 650 So. 2d 469, 471 (Miss. 1995) (citations omitted).

¶4.     When timely post-trial motions are filed, "the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding." M.R.A.P. 4(d). This particular provision "applies to a timely motion . . . (3) under Rule 59 to alter or amend the judgment; [or] (4) under Rule 59 for a new trial." ***Id***. So a notice of appeal only becomes "effective when the Rule 59 motion is disposed of." ***Mallery v. Taylor***, 792 So. 2d 226, 228

(¶7) (Miss. 2001). Until disposal of the Rule 59 motion, there is no final appealable judgment.[1]

¶5. Carla's motion to alter or amend the judgment, or alternatively for a new trial, was filed eight days after entry of the final judgment. Thus, her Rule 59 motion was timely. However, Carla has not yet brought her motion for hearing, and it remains pending. So this court lacks appellate jurisdiction.[2]

## Conclusion

¶6. Because Carla's timely Rule 59 motion is still pending in chancery court, we dismiss the appeal and cross-appeal for lack of jurisdiction.

¶7. **APPEAL AND CROSS-APPEAL DISMISSED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, KING, COLEMAN AND BEAM, JJ., CONCUR.**

---

[1] *See* M.R.A.P. 4(d) ("A notice of appeal filed after announcement or entry of the judgment but before disposition of any of the above motions [contemplated in M.R.A.P. 4] is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding.").

[2] When Mississippi adopted its present constitution, this Court's precedent recognized that an appeal from a chancellor's order—when a motion to set aside the order had been filed, but not decided, in the chancery court—did not fall within this Court's appellate jurisdiction. *Perryman v. Gardner*, 42 Miss. 548, 549-50 (1869). Facing a similar situation here, this case does not fall within "such jurisdiction as properly belongs to a court of appeals." Miss Const. art. 6, § 146.