# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00031-COA

**LYNN WIRTZ**                                                                    **APPELLANT**

**v.**

**ADAMS COUNTY BOARD OF SUPERVISORS**                          **APPELLEES**
**AND H.W. BARNETT**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/14/2017 |
| TRIAL JUDGE: | HON. LILLIE BLACKMON SANDERS |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LYNN WIRTZ (PRO SE) |
| ATTORNEYS FOR APPELLEES: | SCOTT FLETCHER SLOVER |
| | BRUCE M. KUEHNLE JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED IN PART, VACATED IN PART, AND REMANDED: 04/16/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**TINDELL, J., FOR THE COURT:**

¶1.      At the July 5, 2017 meeting of the Adams County Board of Supervisors (the Board), Lynn Wirtz asked the Board to take certain action against his neighbor, Dr. H.W. Barnett. Specifically, Wirtz asked that the Board request for Dr. Barnett to explain his removal, beginning in 2008, of timber and soil from a right of way on Dr. Barnett's property. Following the Board's refusal to send Dr. Barnett a letter, Wirtz, acting pro se, filed a bill of exceptions in the Adams County Circuit Court on July 14, 2017. Wirtz named both the Board and Dr. Barnett as defendants in the proceeding. The Board and Dr. Barnett filed

separate motions to dismiss. After a hearing on the parties' various motions and filings, the circuit court dismissed Dr. Barnett from the proceedings for lack of personal and subject-matter jurisdiction. The circuit court further dismissed Wirtz's appeal against the Board for lack of subject-matter jurisdiction.

¶2. On appeal to this Court, Wirtz raises various assignments of error, which we restate as follows: (1) the circuit court erred by dismissing Dr. Barnett from the proceedings; (2) the circuit court erred by awarding Dr. Barnett attorney's fees and by holding Wirtz in contempt for failing to pay the fees; and (3) the circuit court erred by dismissing Wirtz's appeal against the Board.

¶3. Upon review, we affirm the circuit court's dismissal of Dr. Barnett from the proceedings for lack of personal and subject-matter jurisdiction. We also affirm the dismissal of Wirtz's appeal against the Board, though we do so on the ground that Wirtz's refusal to include the Board's meeting minutes in his bill of exceptions provided an insufficient record upon which the circuit court could not intelligently act. *See Stroud v. Progressive Gulf Ins.*, 239 So. 3d 516, 526 (¶31) (Miss. Ct. App. 2017) ("This Court may affirm a circuit court if the correct result is reached, even if the circuit court reached the correct result for the wrong reasons." (internal quotation mark omitted)). We do, however, vacate the circuit court's award of attorney's fees to Dr. Barnett and remand for further consideration consistent with this opinion. As a related matter, we find our disposition on the issue of attorney's fees now renders Wirtz's argument moot regarding the circuit court's order of contempt.

2

**FACTS**

¶4. According to Wirtz's bill of exceptions, Dr. Barnett began in 2008 to remove timber and soil from a right of way located on Dr. Barnett's property. Taking issue with Dr. Barnett's actions, Wirtz stated in his bill of exceptions that he first presented the matter to the Board at the Board's June 13, 2008 meeting. Wirtz further stated, however, that the Board failed to take action and thereafter refused his requests to reconsider its decision or to meet to discuss the matter.

¶5. Almost nine years later, at the Board's July 5, 2017 meeting, Wirtz asked the Board to send Dr. Barnett a letter that requested an explanation for Dr. Barnett's removal of the soil and timber. After the Board failed to grant his request, Wirtz filed his bill of exceptions, signed by the Board's president, and sought judicial review of the Board's decision. The Board submitted proposed corrections to the bill of exceptions and requested that Wirtz amend it to include certain additional facts and documents, including a copy of the minutes from the Board's July 5, 2017 meeting. Following Wirtz's refusal to amend his bill of exceptions, the Board sought to dismiss Wirtz's appeal for lack of subject-matter jurisdiction. According to the Board, Wirtz's omission of pertinent facts and documents created a fatally defective record upon which the circuit court could not intelligently act. The Board argued dismissal under Mississippi Rule of Civil Procedure 12(b)(1) and Mississippi Code Annotated section 11-51-75 (Rev. 2012) was therefore proper.

¶6. Several days later, Dr. Barnett filed his own motion to dismiss. Although Wirtz sought judicial review of the Board's decision, he had named Dr. Barnett as one of the

3

defendants on appeal. Dr. Barnett contended, however, that though his actions were the subject of Wirtz's complaint before the Board, he was never actually a party to those proceedings. As a result, Dr. Barnett argued Wirtz improperly added him as a party to the appeal of the Board's decision. Dr. Barnett asked the circuit court to dismiss him for lack of personal and subject-matter jurisdiction. Based on the Mississippi Litigation Accountability Act, he also requested attorney's fees for the costs he incurred in defending himself against Wirtz's bill of exceptions.

¶7. On September 14, 2017, the circuit court held a hearing on the parties' various motions. The circuit court issued a bench ruling in which it dismissed Dr. Barnett from the proceedings and awarded him $1,000 in attorney's fees. Turning next to the Board's motions, the circuit court granted both the Board's motion to dismiss and its motion to strike certain allegations Wirtz made in his bill of exceptions.

¶8. On the same day as the hearing, the circuit court entered its final judgment on Dr. Barnett's motion to dismiss. In the final judgment, the circuit court reiterated its bench ruling and found it possessed neither personal nor subject-matter jurisdiction over Dr. Barnett. As a result, the circuit court dismissed Dr. Barnett from the proceedings. In addition, the circuit court ordered Wirtz to pay Dr. Barnett $1,000 for the attorney's fees Dr. Barnett incurred in defending against the proceedings related to Wirtz's bill of exceptions. The circuit court stated that its decision to dismiss Dr. Barnett from the appeal disposed of all claims and issues between Wirtz and Dr. Barnett and that the decision was therefore a final judgment from which Wirtz could appeal.

4

¶9. On September 22, 2017, Wirtz filed a "Request for Findings of Fact and Law" pursuant to Mississippi Rule of Civil Procedure 52 and a "Motion for Rehearing" pursuant to Mississippi Rule of Civil Procedure 59 (Rule 52 and Rule 59 motions). Wirtz challenged the circuit court's September 14, 2017 bench rulings to dismiss Dr. Barnett from the proceedings and to dismiss Wirtz's appeal against the Board. Pursuant to Rule 52, Wirtz asked the circuit court to "issue written findings of fact and law for its rulings made in open court on September 14, 2017 . . . ." Further, pursuant to Rule 59, Wirtz asked the circuit court to "vacate its rulings made in open [c]ourt on 9/14/17" and "amend its judgment in conformity with the law and evidence . . . ."

¶10. On October 31, 2017, the circuit court entered its order granting the Board's motion to dismiss. As in its prior bench ruling, the circuit court found the minutes from the Board's July 5, 2017 meeting, which Wirtz had refused to include in an amended bill of exceptions, were necessary to reach an intelligent decision on the matter. Based on this finding, the circuit court dismissed Wirtz's appeal against the Board for lack of subject-matter jurisdiction.

¶11. On November 6, 2017, Dr. Barnett filed a motion for citation of contempt against Wirtz. According to the motion, Wirtz had failed to comply with the circuit court's prior order to pay Dr. Barnett $1,000 for attorney's fees. Wirtz responded to Dr. Barnett's motion on November 13, 2017. The circuit court held a hearing on the matter on December 18, 2017.

¶12. On December 28, 2017, Wirtz filed his notice of appeal from the circuit court's

5

September 14, 2017 final judgment dismissing Dr. Barnett from the proceedings. Although the circuit court had not yet issued an order on Wirtz's Rule 52 and Rule 59 motions, Wirtz further stated that he wished to incorporate "all the errors and issues" set forth in those filings into his appeal.

¶13. On January 5, 2018, the circuit court entered an order on Dr. Barnett's contempt motion and Wirtz's Rule 52 and Rule 59 motions. The circuit court noted Wirtz's contention that his Rule 52 and Rule 59 motions tolled the period for appealing the September 14, 2017 final judgment. The circuit court found, however, that because it exercised appellate jurisdiction over Wirtz's bill of exceptions, the Mississippi Rules of Civil Procedure failed to apply. As a result, the circuit court found that Wirtz's motions pursuant to the Mississippi Rules of Civil Procedure failed to toll the time for appealing the court's final judgment. Alternatively, the circuit court denied Wirtz's Rule 52 and Rule 59 motions for lack of merit. After holding Wirtz in contempt for failing to comply with the September 14, 2017 final judgment, the circuit court gave him thirty days to pay Dr. Barnett $1,000 for the attorney's fees Dr. Barnett incurred in defending himself against Wirtz's bill of exceptions.

## DISCUSSION

### I. Timeliness of Appeal

¶14. Before the Mississippi Supreme Court assigned Wirtz's appeal to this Court, the Board filed a motion to dismiss in which it challenged Wirtz's appeal as untimely. The supreme court ordered that the Board's motion be passed for consideration along with the merits of Wirtz's appeal. In its appellate brief, the Board reiterates its argument. Dr. Barnett

6

also raises the same argument in his appellate brief as to the untimeliness of Wirtz's appeal. Both the Board and Dr. Barnett acknowledge that, when a circuit court exercises original jurisdiction over a matter, timely motions made under Rule 52 or Rule 59 can toll the time to perfect an appeal. However, because the circuit court exercised appellate jurisdiction over Wirtz's appeal of the Board's decision, the Board and Dr. Barnett assert that Wirtz's motions made pursuant to the Mississippi Rules of Civil Procedure were inapplicable. As a result, they contend Wirtz's Rule 52 and Rule 59 motions failed to toll the time for appeal, and they ask this Court to dismiss his appeal as untimely.

¶15. Recently, in *DeSoto County v. Standard Construction Co.*, 2018-CC-00027-COA (¶17) (Miss. Ct. App. Jan. 22, 2019), this Court recognized that the Mississippi Rules of Civil Procedure apply to toll the appeal period when a party files certain specified motions, such as a timely filed Rule 52 or Rule 59 motion. As we explained in *Standard Construction Co.*:

> Mississippi Rule of Appellate Procedure 4(d) mandates that if any party files a timely motion of a type specified immediately below, *the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to the following motions:*
>
> > *timely motions under the Mississippi Rules of Civil Procedure* (1) for judgment under Rule 50(b); *(2) under Rule 52(b) to amend or make additional findings of facts, whether or not granting the motion would alter the judgment; (3) under Rule 59 to alter or amend the judgment; (4) under Rule 59 for a new trial*; or (5) for relief under Rule 60 if the motion is filed no later than 10 days after the entry of judgment.

*Standard Constr. Co.*, 2018-CC-00027-COA, at (¶17) (emphasis added and internal quotation mark omitted). *See also Gulfport Partners V L.P. v. Harrison Cty. Bd. of Supervisors*, 231 So. 3d 234, 238 (¶10) (Miss. Ct. App. 2017) (recognizing that, although the

7

Mississippi Rules of Appellate Procedure govern proceedings when a circuit court sits as an appellate court over an appeal from a county court, a "case deal[ing] with an appeal from a board of supervisors to the circuit court . . . is governed by a specific statute[,]" and because "[o]ur caselaw does not address the Mississippi Rules of Appellate Procedure in this instance, . . . we decline to extend the established law").

¶16. As discussed, the circuit court held a September 14, 2017 hearing on the parties' various motions. During the hearing, the circuit court issued bench rulings (1) to dismiss Dr. Barnett from the proceedings and award him attorney's fees and (2) to dismiss Wirtz's appeal against the Board. That same day, the circuit court entered its final judgment granting Dr. Barnett's motion to dismiss and for attorney's fees. Eight days later, on September 22, 2017, Wirtz filed his Rule 52 and Rule 59 motions challenging all of the circuit court's September 14, 2017 bench rulings (including the bench ruling to dismiss his appeal against the Board). The following month, on October 31, 2017, the circuit court actually entered its order granting the Board's motion to dismiss.

¶17. As the record thus reflects, Wirtz timely filed his Rule 52 and Rule 59 motions. Under both rules, if a party files his motion within ten days after the entry of judgment, the timely filed motion "tolls the thirty-day time period to file a notice of appeal until the disposition of the motion." *Woods v. Victory Mktg. LLC*, 111 So. 3d 1234, 1236 (¶7) (Miss. Ct. App. 2013). *See also* M.R.A.P. 4(d). With regard to Rule 59, our supreme court has also recognized that "a notice of appeal only becomes effective when the Rule 59 motion is disposed of. Until disposal of the Rule 59 motion, there is no final appealable judgment."

8

*Darnell v. Darnell*, 199 So. 3d 695, 696 (¶4) (Miss. 2016) (citation and internal quotation

mark omitted). As a result:

> [F]iling [an appeal] prior to disposition of a Rule 59 motion is no longer a
> nullity. Instead, the appeal becomes effective when the Rule 59 motion is
> disposed of, and, under our rule, the single premature notice is also effective
> to bring forth issues raised and disposed of in the Rule 59 motion.

*Mallery v. Taylor*, 792 So. 2d 226, 228 (¶7) (Miss. 2001).

¶18. In the present case, the circuit court finally disposed of all matters between the parties

(including Wirtz's Rule 52 and Rule 59 motions), in its January 5, 2018 order. Although

Wirtz had previously filed his notice of appeal on December 28, 2017, as our caselaw

explains, the premature filing did not nullify his appeal. *See Mallery*, 792 So. 2d at 228 (¶7).

As a result, we find Wirtz's appeal was not untimely filed. Accordingly, we deny the

Board's motion to dismiss Wirtz's appeal on that basis.

## II. Subject-Matter Jurisdiction

¶19. In its appellate brief, the Board contends Wirtz's appeal lacks subject-matter

jurisdiction because he improperly filed his bill of exceptions with the circuit court rather

than with the Adams County Chancery Court Clerk, who is also the Board's clerk. Although

the Board raises this particular argument for the first time on appeal, we acknowledge that

"the question of subject-matter jurisdiction may be raised at any time." *City of Jackson v.*

*Allen*, 242 So. 3d 8, 14 (¶21) (Miss. 2018). We review jurisdictional issues de novo. *Id.* at

13 (¶17).

¶20. The Board relies on the Mississippi Supreme Court's ruling in *Allen*, which overruled

prior caselaw and clarified the procedure for utilizing a bill of exceptions to seek judicial

review of a board's decision. *Id.* at 22 (¶55). As the *Allen* court explained:

> As was the practice when bills of exception were more commonly used, nothing is filed with the circuit court until the clerk of the board fulfills the duty of submitting the signed bill of exceptions to the circuit court. Although in our later cases, such as *Lowndes County v. McClanahan*, 161 So. 3d 1052, 1055 (¶13) (Miss. 2015), we wrote in passing that a bill of exceptions is filed in the circuit court, we have been unable to find a case in which we considered the issue and overruled the established practice of filing the bill with the clerk of the board first, leaving the clerk to follow the statutory directive of filing the bill with the circuit court.

*Id.* at 23 (¶56).

¶21. Based on *Allen*, the Board argues Wirtz should have filed his bill of exceptions with the chancery court clerk, who also serves as the Board's clerk, rather than with the circuit court. The Board further contends that Wirtz's failure to do so deprived the circuit court of subject-matter jurisdiction over the bill of exceptions. The supreme court decided *Allen* shortly after Wirtz filed his appeal.[1] "Generally, all judicial decisions apply retroactively unless the Court has specifically stated the ruling is prospective. Further, newly enunciated rules of law are applied retroactively to cases that are pending trial or that are on appeal, and not final at the time of the enunciation." *Mid-S. Retina LLC v. Conner*, 72 So. 3d 1048, 1052 (¶13) (Miss. 2011) (citations and internal quotation marks omitted).

¶22. Like Wirtz, the petitioner in *Allen* filed his bill of exceptions with the circuit court rather than with the clerk of the board. *Allen*, 242 So. 3d at 11 (¶5). Even so, the supreme court found the circuit court properly exercised jurisdiction over the matter. *Id.* at 30 (¶85).

---

[1] We also consider an issue for the first time on appeal where a change in the law occurs during the pendency of an appeal. *Collins ex rel. Irby v. Madakasira*, 252 So. 3d 614, 618 n.2 (Miss. Ct. App. 2018).

The *Allen* court stated that, "to restore fairness and sensibility to the bill[-]of[-]exceptions process, . . . *going forward*, the ten-day deadline contained in . . . [section 11-51-75] applies to the filing of the bill of exceptions with the clerk of the county or municipal board." *Allen*, 242 So. 3d at 22 (¶56). Based on this language, we find the supreme court intended its holding in *Allen* to apply prospectively rather than retroactively. Accordingly, since Wirtz's appeal before this Court was pending when the supreme court decided *Allen*, we find no merit to the Board's contention that Wirtz's filing of the bill of exceptions in the circuit court deprived that court of subject-matter jurisdiction.

### III.    Dr. Barnett's Dismissal

¶23.    Wirtz argues on appeal that the circuit court erroneously dismissed Dr. Barnett for lack of personal and subject-matter jurisdiction. As discussed, we review jurisdictional issues de novo. *Allen*, 242 So. 3d at 13 (¶17).

¶24.    Upon review, we find the circuit court lacked personal jurisdiction over Dr. Barnett to grant Wirtz's requested relief against him as well as subject-matter jurisdiction over the claims Wirtz asserted against Dr. Barnett. Section 11-51-75 provides a mechanism by which only an aggrieved party may appeal the judgment or decision of a county board of supervisors.[2] Nowhere does the statute grant authority for the aggrieved person to add a new party and to assert new claims to his appeal of the board's decision. *See* Miss. Code Ann.

---

[2] *See also City of Jackson v. United Water Servs. Inc.*, 47 So. 3d 1160, 1162-65 (¶¶5, 14) (Miss. 2010) (finding that, where a winning contract bidder moved to intervene in an appeal under section 11-51-75, the circuit court correctly denied the motion since the prevailing bidder, though interested, was unaggrieved and was "not a necessary or indispensable party, nor a proper party under the statute").

11

§ 11-51-75. Here, though, Wirtz did exactly that when he sought judicial review of the Board's decision and added Dr. Barnett as an additional defendant to the proceedings. The record clearly reflects that Dr. Barnett was not aggrieved by the Board's decision. Further, though his actions comprised the subject of Wirtz's complaint to the Board, Dr. Barnett never participated in the matter before the Board. In addition, Dr. Barnett was neither a Board member nor a person with any type of authority over the Board's decision. Because Wirtz improperly added Dr. Barnett as a party to his appeal, we affirm the circuit court's dismissal of Dr. Barnett for lack of personal and subject-matter jurisdiction.

### IV. Bill of Exceptions' Dismissal

¶25. We next consider Wirtz's contention that the circuit court erroneously dismissed his bill of exceptions against the Board. After Wirtz refused to amend his bill of exceptions to include the Board's July 5, 2017 meeting minutes, the circuit court found the minutes were necessary for a sufficient record upon which it could intelligently act. Rather than dismiss due to an insufficient record, however, the circuit court found it lacked subject-matter jurisdiction and dismissed the appeal on that basis.

¶26. Recently, our supreme court clarified in *Allen* that, although an aggrieved party's failure to provide an adequate record through a bill of exceptions may ultimately prove fatal to the attempted appeal, the failure does not deprive a circuit court of its authority to hear the case. *Allen*, 242 So. 3d at 20-21 (¶¶45, 49). Thus, we find the circuit court here possessed jurisdiction to consider Wirtz's appeal. However, because we agree that Wirtz's bill of exceptions was fatally defective for failing to provide a sufficient record, we still affirm the

12

circuit court's dismissal of Wirtz's appeal. *See Stroud*, 239 So. 3d at 526 (¶31) (recognizing that appellate courts may affirm a lower court's decision upon a different ground).

¶27. "It is well settled that the bill of exceptions constitutes the record on appeal from a . . . [board's] decision, and the circuit court must not consider matters that are not a part of that record." *Brinsmade v. City of Biloxi*, 70 So. 3d 1159, 1165 (¶23) (Miss. Ct. App. 2011). The aggrieved party bears "the responsibility to ensure that all relevant material was included in the bill of exceptions." *Id.* "If the bill of exceptions is not complete and is fatally defective in that pertinent and important facts and documents are omitted therefrom, then the circuit court does not have a record upon which it can intelligently act." *Pruitt v. Zoning Bd. of City of Laurel*, 5 So. 3d 464, 469 (¶14) (Miss. Ct. App. 2008).

¶28. The supreme court has repeatedly held that public boards speak and act solely through their meeting minutes. *Wellness Inc. v. Pearl River Cty. Hosp.*, 178 So. 3d 1287, 1290 (¶9) (Miss. 2015); *Ladner v. Harrison Cty. Bd. of Supervisors*, 793 So. 2d 637, 639 (¶9) (Miss. 2001); *Martin v. Newell*, 198 Miss. 809, 815, 23 So. 2d 796, 797 (1945). We therefore agree with the circuit court that the Board's meeting minutes constituted relevant material necessary for a sufficient record on appeal. We further agree that Wirtz's refusal to amend the bill of exceptions to include the minutes proved fatal to his attempted appeal. For this reason, we affirm the circuit court's dismissal of Wirtz's bill of exceptions.

### V. Attorney's Fees and Contempt

¶29. Wirtz challenges not only the circuit court's award of attorney's fees to Dr. Barnett but also the court's later ruling that Wirtz was in contempt for his failure to pay the fees.

13

Because we find these two issues to be related, we address them together.

¶30. In his motion for dismissal, Dr. Barnett requested attorney's fees under the Mississippi Litigation Accountability Act. After granting Dr. Barnett's motion to dismiss, the circuit court also granted his request for attorney's fees. In so doing, the court simply stated: "And the [c]ourt is going to grant attorney's fees in the amount of $1,000 . . . against Mr. Wirtz to Dr. Barnett because [Dr. Barnett] shouldn't have been here."

¶31. We review the award of attorney's fees for abuse of discretion. *Tunica Cty. v. Town of Tunica*, 227 So. 3d 1007, 1015 (¶11) (Miss. 2017). The Mississippi Litigation Accountability Act allows a court to award attorney's fees in a civil action if it finds a pro se party "clearly knew or reasonably should have known that such party's action, claim[,] or defense or any part of it was without substantial justification." Miss. Code Ann. § 11-55-5(4). However, the Mississippi Litigation Accountability Act also "requires that, 'when granting an award of costs and attorney's fees, the court shall specifically set forth the reasons for such award and shall consider' a set of eleven statutory factors, 'among others, in determining whether to assess attorney's fees and costs and the amount to be assessed.'" *Tunica Cty.*, 227 So. 3d at 1028 (¶52) (quoting Miss. Code Ann. § 11-55-7 (Rev. 2012)).

¶32. Because the circuit court here failed to make any of section 11-55-7's required findings as to the appropriateness of the award of attorney's fees, we cannot affirm the award on that basis and must conclude the circuit court abused its discretion. *See id.* at 1028-29 (¶52). We therefore vacate the circuit court's award of attorney's fees and remand this case for a determination of whether a legal basis exists for an award of attorney's fees. In so

14

doing, we now find moot Wirtz's argument that the circuit court erred by holding him in contempt for failing to pay the attorney's fees.

## CONCLUSION

¶33.   We affirm the circuit court's dismissal of Dr. Barnett for lack of personal and subject-matter jurisdiction.  Because Wirtz failed to present the circuit court with a sufficient record upon which the court could intelligently act, we also affirm the circuit court's dismissal of Wirtz's bill of exceptions against the Board.  We do, however, vacate the award of attorney's fees to Dr. Barnett and remand this case so the circuit court may determine whether a legal basis exists for an award of such fees.  As a related matter, we now find moot Wirtz's argument that the circuit court erred by holding him in contempt for his failure to pay the attorney's fees.

¶34.   **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

   **CARLTON, P.J., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. BARNES, C.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.  J. WILSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. McDONALD, J., NOT PARTICIPATING.**

15