# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-00911-COA

| | |
|---|---|
| IN THE INTEREST OF C.R., A MINOR, AND F.R., A MINOR: D.R. | APPELLANT |

v.

| | |
|---|---|
| MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES | APPELLEE |

| | |
|---|---|
| DATE OF JUDGMENT: | 05/26/2017 |
| TRIAL JUDGE: | HON. SUSAN RHEA SHELDON |
| COURT FROM WHICH APPEALED: | MARION COUNTY YOUTH COURT |
| ATTORNEYS FOR APPELLANT: | DEAN HOLLEMAN |
| | MARY CATHERINE PENROSE MITCHELL |
| | PATRICK TAYLOR GUILD |
| ATTORNEY FOR APPELLEE: | LAWRENCE ELDER HAHN |
| NATURE OF THE CASE: | CIVIL - JUVENILE JUSTICE |
| DISPOSITION: | APPEAL DISMISSED - 12/17/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., WESTBROOKS AND C. WILSON, JJ.**

**C. WILSON, J., FOR THE COURT:**

¶1. D.R. appeals an order from the Marion County Youth Court adjudicating his two children, F.R. and C.R., as abused children.[1] Because we lack jurisdiction, we dismiss D.R.'s appeal.

## BACKGROUND AND PROCEDURAL HISTORY

¶2. In April 2017, the Mississippi Department of Child Protection Services (CPS)

---

[1] In view of our disposition of this case, we use initials for both the minor children and their father, the appellant, in order to protect the identity of the children and preserve confidentiality of further youth court proceedings.

received a report of alleged abuse of F.R. and C.R. by their father, D.R. The report stemmed from D.R. spanking F.R. on January 25, 2017.

¶3. After CPS conducted forensic interviews of the children and D.R., the Marion County Youth Court Referee filed "Intake Orders," referring the matters for formal proceedings by the youth court. The Marion County prosecuting attorney then filed two petitions with the youth court, alleging that F.R. and C.R. were abused children within the purview of the Youth Court Law, Mississippi Code Annotated sections 43-21-101 through - 915 (Rev. 2015).

¶4. The youth court held an adjudication hearing on both petitions on May 22, 2017. Following the hearing, the youth court adjudicated F.R. and C.R. as abused children.[2] The youth court then entered a disposition order without holding a disposition hearing. In its disposition order, the youth court merely withheld disposition, relinquished jurisdiction, and transferred the matter to a chancery court for further proceedings. D.R. now (prior to disposition) appeals from the youth court's adjudication order.

DISCUSSION

¶5. The issue of jurisdiction has not been raised by the parties on appeal. But "[w]hether raised by the parties or not, this Court is required to note its own lack of jurisdiction." *Darnell v. Darnell*, 199 So. 3d 695, 696 (¶3) (Miss. 2016) (quoting *Michael v. Michael*, 650 So. 2d 469, 471 (Miss. 1995)). D.R. has appealed directly from the youth court's adjudication order without first allowing the youth court or the chancery court to conduct a

---

[2] The youth court adjudicated C.R. as an abused child due to sibling risk.

2

disposition hearing and enter a disposition order as required by law.[3]  Accordingly, D.R.'s appeal must be dismissed for lack of jurisdiction.

¶6.     Pursuant to Mississippi Code Annotated section 43-21-601(1) (Rev. 2015), "[i]f [a] child has been adjudicated . . . an abused child, the youth court *shall* immediately set a time and place for a disposition hearing *which shall be separate, distinct and subsequent to the adjudicatory hearing*." (Emphasis added).  Further, "[a]fter consideration of all the evidence and the relevant factors [presented at the disposition hearing], the youth court *shall* enter a disposition order . . . recit[ing] that a child is found to be . . . an abused child."  Miss. Code Ann. § 43-21-603(6) (Supp. 2019) (emphasis added).[4]

¶7.     This court has previously held that although separate and distinct, the adjudication and disposition phases of a youth court determination are "both a part of the same overall proceeding for purposes of appeal."  *J.P.C. v. State*, 783 So. 2d 778, 781 (¶9) (Miss. 2000) (regarding a youth-delinquency proceeding).  In *J.P.C.*, we likened the time gap between a youth court's adjudication and disposition phases to criminal proceedings in which there is often an interim period between a formal adjudication of guilt and sentencing.  *Id*. at 780 (¶7).  We concluded that to allow a party to appeal from a youth court's adjudication order prior to the required disposition hearing (and subsequent disposition order) would "effectively deny that court the power to conduct the required disposition hearing and impose

---

[3] As noted supra, the youth court entered a disposition order; however, in the order, the court expressly withheld disposition and then relinquished jurisdiction and transferred the matter to the chancery court for further proceedings.

[4] In certain circumstances, the requisite disposition order must contain particular information or findings by the court.  *See* Miss. Code Ann. § 43-21-603(7)-(8).

[the] appropriate [disposition] until the appeal was decided." *Id.*

¶8.    Here, the youth court did not conduct a separate disposition hearing as required by statute. And although the court entered a disposition order, which notes that F.R. and C.R. have been adjudicated as abused children, the order expressly states that the youth court was "withhold[ing] disposition," "relinquish[ing] jurisdiction," and "transfer[ring] this matter to chancery court." In other words, when D.R. noticed this appeal, neither the youth court nor the chancery court had completed the statutorily required steps antecedent to a proper appeal. Because there is not yet a final appealable order of disposition in this case, we dismiss this appeal for lack of jurisdiction.

¶9.    **APPEAL DISMISSED.**

**BARNES, C.J., J. WILSON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. CARLTON, P.J., NOT PARTICIPATING.**