# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-01021-COA

SAM ACEIL                                                          APPELLANT

v.

ALCORN STATE UNIVERSITY AND                                        APPELLEES
MISSISSIPPI BOARD OF TRUSTEES OF STATE
INSTITUTIONS OF HIGHER LEARNING

| | |
|---|---|
| DATE OF JUDGMENT: | 09/08/2022 |
| TRIAL JUDGE: | HON. TOMIKA HARRIS IRVING |
| COURT FROM WHICH APPEALED: | CLAIBORNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SAM ACEIL (PRO SE) |
| ATTORNEYS FOR APPELLEES: | AMANDA GREEN ALEXANDER |
| | QUENTIN A. DANIELS |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | APPEAL DISMISSED - 02/27/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND SMITH, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1. Dr. Sam Aceil appeals the Claiborne County Circuit Court's grant of summary judgment in favor of Alcorn State University (ASU) and the Mississippi Board of Trustees of the State Institutions of Higher Learning (IHL) (collectively, Appellees). Because we lack jurisdiction, we dismiss Dr. Aceil's appeal.

## FACTS

¶2. Dr. Aceil was employed as a professor in the Department of Advanced Technologies at ASU. On September 27, 2017, ASU's president notified Dr. Aceil that ASU was recommending to the IHL that Dr. Aceil's employment be terminated on the grounds of

insubordination, contumacious conduct, and for cause. ASU's president explained that this decision was based on (1) Dr. Aceil's failure to follow the proper procedures for taking leave time, (2) his failure to comply with his supervisors' requests for documentation concerning his leave time, (3) his continued absences from campus during the 2016-2017 academic year, and (4) his refusal to use the required platform for teaching online classes.

¶3. Dr. Aceil submitted a request for a review of his termination to the IHL Board of Trustees. The IHL Board of Trustees ultimately denied Dr. Aceil's request for review.

¶4. On May 8, 2020, Dr. Aceil, proceeding pro se, filed a complaint against ASU and the IHL in the Hinds County Circuit Court alleging breach of his tenured faculty employment contract with ASU. Upon motion from ASU and the IHL, the Hinds County Circuit Court transferred venue to the Claiborne County Circuit Court. The Appellees filed their answers and affirmative defenses.

¶5. On June 2, 2022, the Appellees filed a motion for summary judgment arguing that Dr. Aceil, and not ASU, was in breach of the employment contract. Dr. Aceil failed to respond to the Appellees' motion for summary judgment. However, Dr. Aceil filed an amended complaint and a motion to compel ASU to provide the tenure committee's recommendations regarding Dr. Aceil.

¶6. ASU filed a motion to strike Dr. Aceil's amended complaint due to his failure to obtain written consent from ASU or seek leave from the circuit court before filing the amended complaint pursuant to Mississippi Rule of Civil Procedure 15(a). The circuit court granted ASU's motion to strike after finding that Dr. Aceil failed to comply with the

requirements of Rule 15(a). The circuit court also entered a separate order denying Dr. Aceil's motion to compel as untimely.

¶7. After a hearing, the circuit court granted summary judgment in favor of the Appellees after finding that Dr. Aceil failed to demonstrate any genuine issue of material fact. Dr. Aceil filed a motion asking the circuit court to reconsider its order granting summary judgment. Dr. Aceil then filed a notice of appeal before the circuit court ruled on the post-judgment motion.

## DISCUSSION

¶8. Before considering the merits of Dr. Aceil's appeal, "we must consider the threshold issue of jurisdiction." *Thompson v. True Temper Sports Inc*., 74 So. 3d 936, 938 (¶6) (Miss. Ct. App. 2011). "Whether raised by the parties or not, this Court is required to note its own lack of jurisdiction." *Michael v. Michael*, 650 So. 2d 469, 471 (Miss. 1995).

¶9. In the present case, the circuit court's order granting summary judgment was entered on September 8, 2022. Eight days later, on September 16, 2022, Dr. Aceil filed his motion asking the circuit court to reconsider its order granting summary judgment.[1] The supreme court has stated that "a motion to set aside or reconsider an order granting summary judgment will be treated as a motion under [Mississippi] Rule [of Civil Procedure] 59(e)." *Brooks v. Roberts*, 882 So. 2d 229, 233 (¶15) (Miss. 2004).

¶10. On September 30, 2022—before the circuit court could rule on his Rule 59(e)

_____

[1] This September 16, 2022 motion is titled "Request for post-trial motion . . . to rectify the rulings of September 8, 2022 by including [Dr. Aceil's] evidence and compelling [the Appellees] to produce evidence for their claims."

motion—Dr. Aceil filed a notice of appeal. Dr. Aceil's September 30, 2022 notice of appeal states that he is appealing from both the September 6, 2022 order granting summary judgment as well as the circuit court's order denying Dr. Aceil's "Motion for Judgment Notwithstanding the Verdict or, in the Alternative, for New Trial," i.e., his September 16, 2022 Rule 59 motion.

¶11.    On his September 30, 2022 notice of appeal, Dr. Aceil lists the date of the order denying his Rule 59 motion as December 29, 2022—which, confusingly, is three months *after* Dr. Aceil filed the instant appeal. Our review of the circuit court's docket shows that the circuit court entered an order on December 30, 2022, but that order disposed of a separate and unrelated motion Dr. Aceil had filed on December 13, 2022. The record before us contains no order addressing Dr. Aceil's September 16, 2022 Rule 59 motion.

¶12.    The Mississippi Supreme Court has held that "[o]rdinarily, once a notice of appeal is filed, jurisdiction transfers from the trial court to the appellate court, thereby removing the trial court's authority to amend, modify, or reconsider its judgment." *McNeese v. McNeese*, 129 So. 3d 125, 128 (¶7) (Miss. 2013). However, "a motion to reconsider filed within ten days of the entry of the judgment falls under [Mississippi] Rule [of Civil Procedure] 59 and tolls the thirty-day time period to file a notice of appeal until the disposition of the motion." *Dauenhauer v. Dauenhauer*, 271 So. 3d 589, 597 (¶27) (Miss. Ct. App. 2018) (quoting *Woods v. Victory Mktg. LLC*, 111 So. 3d 1234, 1236 (¶7) (Miss. Ct. App. 2013)). The supreme court has explained that when a notice of appeal is filed prior to the trial court's disposition of a Rule 59 motion, as in the case before us, "the appeal becomes effective when

4

the Rule 59 motion is disposed of[.]" *Id.* (quoting *Mallery v. Taylor*, 792 So. 2d 226, 228 (¶7) (Miss. 2001)). The supreme court has clarified that "[u]ntil disposal of the Rule 59 motion, there is no final appealable judgment." *Darnell v. Darnell*, 199 So. 3d 695, 696 (¶4) (Miss. 2016); *accord* M.R.A.P. 4(d) ("A notice of appeal filed after announcement or entry of the judgment but before disposition of . . . [a Rule 59 motion] is ineffective to appeal from the judgment . . . specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding.").

¶13. Here, Dr. Aceil timely filed his Rule 59 motion within ten days of the entry of the circuit court's order granting summary judgment. However, because Dr. Aceil has not yet brought his Rule 59 motion for hearing and because the circuit court has not yet ruled on the motion, it remains pending. *Darnell*, 199 So. 3d at 697 (¶5). We therefore lack appellate jurisdiction. *Id.* Accordingly, we must dismiss this appeal for lack of jurisdiction.

¶14. **APPEAL DISMISSED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**